## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-CR-00115 |
| v. | ) | |
| | ) | Honorable John Robert Blakey |
| MICHAEL J. MADIGAN and | ) | |
| MICHAEL F. McCLAIN, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

## MICHAEL J. MADIGAN'S MOTION FOR BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Michael J. Madigan, by his undersigned counsel, moves this Court for an order directing the government to serve and file a bill of particulars to permit Madigan to adequately prepare his defense, and in support thereof, states as follows:[1]

### Preliminary Statement

The government charged Michael J. Madigan in a twenty-two count indictment in March 2022 and added another count in a superseding indictment in October 2022. The allegations of the superseding indictment are extremely complex, attempting to tie together the activities of multiple individuals, entities, and two of Illinois's largest public companies over the course of nearly a decade. The government primarily relies on actions of, and benefits to, others to support its charges against Madigan. In Count One, the government posits that Madigan used his official position as Speaker of the Illinois House of Representatives to take *and cause* official action, including "the promotion, support, and furtherance of legislation favorable to, and obstruction of legislation unfavorable to, companies that would and did provide private benefits to MADIGAN

---

[1] After conferral, counsel for the government stated that it opposes this Motion.

*and MADIGAN's political allies, political workers, and associates*" and that "documentation would be and was prepared to make it falsely appear that certain payments made for the purpose of bribing MADIGAN were made solely for legitimate commercial purposes." (Dkt. 37, Count I, ¶ 13(c), (e)) (emphasis added).

Still, the government fails to provide any of the following detail that is necessary to permit Madigan to prepare for trial and to avoid surprise:

i. Each unindicted member or associate of the enterprise alleged in Count One;

ii. Each unindicted member of the conspiracy alleged in Count Two;

iii. Each business Madigan, directly or through others, allegedly solicited to illegally provide Madigan benefits, including when the solicitation occurred;

iv. Each individual who was allegedly hired to illegally influence or reward Madigan, including when the individual was hired;

v. Each allegedly illegal legislative action Madigan took or refrained from taking, directly or through others, including when such action or inaction occurred;

vi. Each personal benefit allegedly provided to Madigan, directly or through others, to reward or influence him in connection with the business of the State of Illinois or City of Chicago, including when the benefit was provided; and

vii. Each document the government believes was falsified related to the conspiracy alleged in Count Two, including which representation(s) contained therein that the government believes was false.

## <u>Argument</u>

Without detail of the specific actions and benefits that the government intends to rely on to prove the alleged crimes, Madigan cannot prepare his defense and will potentially face surprise at trial. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the government to file a bill of particulars when an indictment does not "sufficiently apprise[] the defendant of the charges to enable him to prepare for trial," *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). The purpose of a bill of particulars is to inform the

defendant of the nature of the charges brought against him or her, allow the defendant to adequately prepare his or her defense, avoid unfair surprise during the trial and protect against the risk of a second prosecution for an inadequately described offense. 41 Am. Jur. 2d Indictments and Informations § 142; *see also United States v. Caputo*, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003). Most relevant here, "[i]nformation relevant to the preparation of a defense includes . . . the time and place of the accused's allegedly criminal conduct . . ." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008).

In considering a motion for a bill of particulars, "the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) (citing *Fassnacht*, 332 F.3d at 446). In making that determination, a court "may consider the complexity of the charges, the clarity of the indictment, and the degree of discovery available . . . absent a bill of particulars." *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 942-43 (N.D. Ill. 2001). "The choice to grant or deny [a bill of particulars] is committed to the discretion of the trial court." *Fassnacht*, 332 F.3d at 446.

Courts frequently find that the government must provide a bill of particulars where the defense cannot prepare for trial absent the details of when, where and with whom the alleged criminal activity occurred. For example, in *Trie*, the defendant was charged with, among other things, conspiring to defraud the United States by making fraudulent campaign contributions and aiding and abetting the making of false statements to a government agency. *United States v. Trie*, 21 F. Supp. 2d 7, 13 (D.D.C. 1998). The court ordered the government to provide "information as to exactly what the false statements are, what about them is false, who made them, and how [the defendant] caused them to be made." *Id*. at 22. The court further ordered that the

government identify the specific property the defendant allegedly received in connection with the scheme to defraud, including "the specific DNC events and functions (by date) for which Mr. Trie was provided special seating and complimentary tickets, any DNC committees and related entities of which Mr. Trie was a member other than those specifically listed in the indictment and any meetings and other events (by date) to which Mr. Trie was invited where White House personnel were in attendance." *Id*. The court explained that this information must be provided because preparation of the defense required that the defendant "know sufficiently specific information concerning the property allegedly obtained to adequately identify it, so that he can demonstrate either that he never obtained it or that he obtained it legitimately and not as a result of fraudulent contributions." *Id*.

To permit Madigan to orderly and timely prepare his case, and to avoid potential surprise, the government must provide a bill of particulars detailing:

1. Who was involved in the alleged crimes (members of the alleged enterprise and conspiracy as well as each specific business it contends Madigan, directly or through another, solicited to provide illegal benefits to individuals and who was ultimately hired);

2. What transactions the government alleges were involved in the alleged crimes (the specific legislative actions Madigan allegedly took, or agreed to take, in connection with third parties allegedly receiving payment(s) and the personal benefit(s) Madigan received); and

3. When each alleged criminal act occurred.

As in *Trie*, without this information, Madigan cannot prepare his defense to demonstrate that his recommendations were legally made and his legislative actions were legally performed.

*See United States v. Bortnovsky*, 820 F.2d 572 (2d Cir.1987) (concluding defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents.").

Additionally, the government must provide detail as to the statements it alleges were falsified in an effort to conceal the conspiracy. As Judge Leinenweber recognized when addressing this exact question, "For a complex eight-year conspiracy at a public company, alleging general concealment and false statements even with some identified example documents, does not allow Defendants to prepare for trial." *United States v. McClain*, 2022 WL 488944, at *8 (N.D. Ill. February 17, 2022). To permit Madigan to prepare for trial, the government must identify every document it believes was falsified related to the conspiracy alleged in Count Two, including which representation(s) contained therein that the government believes was false.

Pointing Madigan to the voluminous discovery provided in this case to avoid providing a bill of particulars is insufficient. *See United States v. Bortnovsky*, 820 F.2d 572 (2d Cir.1987) ("[t]he Government did not fulfill its obligation [to inform defendants of the charges] merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged."). This is particularly true where the government has not identified "hot documents"—a practice used in other complex, voluminous discovery cases. *United States v. Skilling*, 554 F.3d 529 (5th Cir. 2009), *aff'd in part, vacated in part, remanded*, 561 U.S. 358 (2010).

In *United States v. Arberry*, the court addressed this issue when the government argued

that a bill of particulars seeking the dates of the alleged conspiracy and types and weights of controlled substances involved was unnecessary because the defendants would have access to the evidence and information about the charges through discovery. *United States v. Arberry*, 2007 WL 9706396, at *2 (E.D. Wis. Feb. 15, 2007). The court explained that the purpose of a bill of particulars is to "ensure both the orderly and timely preparation of the case and to avoid potential surprises, including redundant and unnecessary expense; it was not a substitute for the government to otherwise comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure." *Id.* Indeed, the court noted that other courts have ordered the government to file a bill of particulars "in large, complex cases where the discovery materials are substantial and counsel for the defendants would otherwise have the insurmountable task of effectively engaging in an archeological dig to sift through numerous documents . . . " *Id.* Thus, the court found that a bill of particulars was "particularly appropriate" given the complexity of the case and the information sought. *Id.*

A bill of particulars is similarly appropriate here given the complexity of this case and the voluminous discovery. The 117-page, 23-count indictment alleges a conspiracy spanning approximately eight years. The government has produced over two million pages and tens of thousands of audio recordings in discovery. In addition to the overall complexity of the case, the alleged solicitations occurred through, and benefits were received by, third parties, giving Madigan no direct knowledge of which solicitations and benefits the government may challenge. *See United States v. Farley*, No. 97 CR 0441, 1997 WL 695680, at *6 (N.D. Ill. Oct. 31, 1997) (granting defendants' request for a bill of particulars setting forth co-conspirators' identities to permit defendants to understand the scope of the alleged conspiracy). Madigan also had no insight into the hiring considerations and decisions after he made a job recommendation. Thus,

without a bill of particulars, Madigan cannot know which of the countless job recommendations he made over the years the government contends were criminal. *See United States v. Meek*, No. 119CR00378JMSMJD, 2020 WL 2218953, at *5 (S.D. Ind. May 7, 2020) ("Though the Government produced its discovery in a searchable and indexed database, Defendants must know for whom (or what) they should search before those tools become useful.").

Similarly, the government must specify which legislative actions the government contends Madigan took that were criminal, rather than broadly pointing him to any action he took, or refrained from taking, during the approximately eight-year timeframe covered in the Superseding Indictment. As the government recognized, "ComEd was subject to extensive regulation by the State of Illinois." (Dkt. 37, Count II, ¶ 2(b)). Indeed, countless businesses throughout the State of Illinois are potentially impacted by the Illinois legislature at any given time by virtue of the more than 8,000 bills that are introduced by members of the Illinois legislature each General Assembly.[2] Without additional detail on the actions the government contends Madigan took that are relevant to the charges, he is left to sift through the more than 32,000 pieces of legislation that the Illinois legislature considered during the alleged eight-year conspiracy to then guess which legislation and related actions the government will challenge at trial. *See United States v. LeDonne,* No. 3:14 CR 055, 2016 WL 6595974, at *2 (N.D. Ind. Nov. 8, 2016) (ordering a bill of particulars because "advising the defense that the relevant facts occurred sometime within a seven year time frame and are located somewhere in the voluminous bankruptcy filings and/or in 80 bankers boxes . . . is not sufficient."); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant . . . should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government

---

[2] *See, e.g.*, Illinois General Assembly, 99th General Assembly Legislation, Legislation & Laws, available at https://ilga.gov/legislation/default.asp?GA=99; Illinois General Assembly 97th General Assembly Legislation, Legislation & Laws, available at https://ilga.gov/legislation/default.asp?GA=97.

knows precisely the statements on which it intends to rely and can easily provide the information."); *see also See United States v. Savin*, No. 00 CR 45, 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (ordering a partial bill of particulars to avoid surprise at trial where "[a]bsent further information . . . [Defendants] will be forced to comb through this veritable mountain of documents and to attempt to guess which of the numerous transactions documented therein, and conducted over a six-year period, are alleged by the government to have been improper."). This information is particularly important where the government alleges that Madigan used his "control over the staff of the office of the Speaker" to take or refrain from taking allegedly illegal actions. (Dkt. 37, Count I, ¶ 13(c)). Without additional detail, Madigan has no way of knowing what actions the government believes make him guilty of a crime, the scope of individuals allegedly involved, or the dates that the allegedly criminal activity occurred.

Based on the foregoing, Michael J. Madigan respectfully requests the Court enter an order compelling the Government to serve and file a bill of particulars to permit Madigan to adequately prepare his defense that details the following:

i.   Each unindicted member or associate of the enterprise alleged in Count One;

ii.  Each unindicted member of the conspiracy alleged in Count Two;

iii. Each business Madigan, directly or through others, allegedly solicited to illegally provide Madigan benefits, including when the solicitation occurred;

iv.  Each individual who was allegedly hired to illegally influence or reward Madigan, including when the individual was hired;

v.   Each allegedly illegal legislative action Madigan took or refrained from taking, directly or through others, including when such action or inaction occurred;

vi.  Each personal benefit allegedly provided to Madigan, directly or through others, to reward or influence him in connection with the business of the State of Illinois or City of Chicago, including when the benefit was provided; and

vii. Each document the government believes was falsified related to the conspiracy alleged in Count Two, including which representation(s) contained therein that the government believes was false.

Dated: February 28, 2023

Respectfully submitted,

By: /s/ Sheldon T. Zenner

Sheldon T. Zenner, Esq. (ARDC #3122184)
Gil M. Soffer, Esq. (ARDC #6201959)
Daniel J. Collins, Esq. (ARDC #6224698)
Lari A. Dierks, Esq. (ARDC #6329610)
Ian A. Vitalis, Esq. (ARDC #6333510)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5476
Daniel.Collins@Katten.com
Sheldon.Zenner@Katten.com
Gil.Soffer@Katten.com
Lari.Dierks@Katten.com
Ian.Vitalis@Katten.com

*Attorneys for Defendant Michael J. Madigan*