UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-CR-00115 ) ) Honorable John Robert Blakey |
| MICHAEL J. MADIGAN and MICHAEL F. McCLAIN, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, CONTINUE THE TRIAL DATE**

Defendants Michael J. Madigan and Michael McClain, by their undersigned counsel, respectfully move this Court to stay this matter pending the United States Supreme Court's decision in *Snyder v. United States*. The *Snyder* decision will materially impact nearly every phase of this case. In addition to its effect on multiple motions now pending before the court, the decision will define the presentation of the defense case, this court's consideration of the defendants' Rule 29 motions, and the instructions that inform the jury about the law to be applied, among other issues. Considering the monumental impact that the *Snyder* decision will have on this irrefutably complex case and the resulting prejudice to the defendants from denying a stay, the defendants respectfully request that the court stay the proceedings or, in the alternative, reset the trial date to the fall of 2024, after the Supreme Court has rendered its decision in *Snyder*.

**LEGAL STANDARD**

The Supreme Court has recognized the court's "power to stay proceedings." *Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936). In deciding whether a stay is appropriate, the court must consider the "economy of time and effort for [the court], for counsel, and for litigants" and

1

balance the relevant benefits and hardships resulting from a stay. *Id.* at 254, 259. Where, as here, the Supreme Court is about to address an issue at the core of a case, federal courts routinely find that a stay is appropriate. *See Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 47-48 (2d Cir. 2014) (holding resolution of appeal in abeyance pending the Supreme Court's decision in another case); *Golinski v. U.S. Off. of Pers. Mgmt.*, 724 F.3d 1048, 1050 (9th Cir. 2013) (holding resolution of appeal in abeyance pending a Supreme Court's decision on a central issue); *United States v. Garcia-Gomez*, 2019 WL 331279 (N.D. Cal. Jan. 25, 2019) (staying resolution of a habeas petition pending resolution of a question of law by the Supreme Court).

Similarly, the Seventh Circuit has recognized numerous factors to consider in deciding whether to continue a trial date, including among others: "the likelihood of prejudice from denial of the continuance," "the degree of complexity of the case," "the availability of discovery from the prosecution," and "the likelihood a continuance would have satisfied the movant's needs." *United States v. Dickey*, 52 F.4th 680, 685 (7th Cir. 2022). Such factors "highlight the most common issues that the district court should evaluate. The importance of any one factor depends on the individual circumstances of the case." *Id.* at 686 (quoting *United States v. Williams*, 575 F.3d 385, 289 (7th Cir. 2009)). Consideration of these factors strongly supports the entry of a stay that will allow this court and the parties to benefit from the guidance that the Supreme Court will provide on key issues in this complex case. The parties, and even the appellate circuits, are at odds about the proper interpretation of the scope of section 666, and the Supreme Court is literally months away from resolving the issues. Moving forward without such guidance presents a significant risk of wasting the court's, the parties', and the jury's time and resources.

2

**ARGUMENT**

The interests of judicial economy and fairness to the parties, particularly the defendants, dictate the need for a stay of the proceedings or, at the very least, a continuance of the trial date until after the Supreme Court renders its decision in *Snyder*. In granting certiorari, the Supreme Court has agreed to hear a case arising out of the Seventh Circuit that will address critical issues in interpreting Title 18, United States Code, Section 666 – the *key* charge in this case. As stated in the petition for certiorari, one issue is "[w]hether section 666 criminalizes gratuities, *i.e.,* payments in recognition of actions the official has already taken or committed to take, without any *quid pro quo* agreement to take those actions." *James E. Snyder v. U.S.,* Case No. 23-108, Pet'n for Certiorari at 1 (Aug. 1, 2023) (attached hereto as Exhibit A; order granting such petition attached as Exhibit B). In addition to addressing the question about gratuities, the Supreme Court likely will resolve whether a *quid pro quo* is required to prove a bribery theory under section 666, as the defendants contend. Indeed, this result is more than likely considering that the Solicitor General in *Snyder* and the Petitioner agreed on this proposition in filings before the Supreme Court.[1] The significant impact that the *Snyder* decision will have on multiple stages of this case cannot be in question:

Motion to Dismiss: The superseding indictment charges defendant Madigan with conspiring to or violating section 666 in seven different counts. Dkt. 37, Counts 2, 3, 4, 6, 11, 21, and 23. The superseding indictment likewise charges defendant McClain with conspiring to or

---

[1] The Solicitor General argued to the Supreme Court that the Seventh Circuit "correctly determined that Section 666 prohibits both *quid pro quo* bribery and the corrupt acceptance of gratuities" and that section 666 "straightforwardly encompasses" *quid pro quo* bribery. Government's Response to Pet'n for Certiorari at 9-10 (attached as Exhibit C) The Solicitor General repeatedly referred to "*quid pro quo* bribery" when addressing the scope of section 666, a statement that aligns with the Seventh Circuit's statement in *Snyder* that a "bribe requires a *quid pro quo* – an agreement to exchange this for that, to exchange money or something else of value for influence in the future." 71 F.4th 555, 579 (7th Cir. 2023). The Solicitor General's position, however, does not align with the prosecutors' view in this case.

3

violating section 666 in two different counts. Dkt. 37, Counts 21, and 23. The government's theory under section 666, in fact, is at the core of four of the five episodes identified in the indictment. In advancing its theory, the government has taken the positions that section 666 does not require a *quid pro quo* and that section 666 criminalizes gratuities. The defendants submit that the government is mistaken on both points. As argued in the motion to dismiss, "this Court should follow the thoughtful analyses of the First and Fifth Circuits and hold that § 666 only criminalizes bribes, not gratuities." Dkt. 55, 45-48 (citing *United States v. Hamilton*, 46 F.4th 389, 399 (5th Cir. 2022) and *United States v. Fernandez*, 722 F.3d 1, 26-27 (1st Cir. 2013)). Further, the defendants have argued that "[t]he text of § 666, its legislative history, and the jurisprudence of the Supreme Court, the Seventh Circuit, and other courts in this district all confirm that the government must allege a *quid pro quo* to bring an indictment for bribery." Dkt. 55, at 35. The government, at least in this case[2], has disagreed. Considering that the Supreme Court will resolve these issues in a matter of months, the defendants respectfully submit this court suspend its consideration of the defendants' motion.[3] Moving forward when the Supreme Court is about to provide guidance risks needlessly wasting significant judicial resources.

Bill of Particulars: In addition to the impact on the motion to dismiss, the *Snyder* decision will affect the defendants' pending request for a bill of particulars. As argued by the defendants, the government has alleged that Madigan accepted "thing[s] of value" without explicitly identifying what it will argue were bribes versus gratuities. As noted above, the issue defined in the now-granted petition for certiorari explicitly relates to whether a gratuity is even encompassed by section 666 and, if so, whether a *quid pro quo* is required. The Supreme Court's decision on

---

[2] As discussed in footnote 1, the Solicitor General and the prosecutors in this case have taken different positions as to whether *quid pro quo* is required to establish a bribery violation.

[3] The Court granted defendant McClain's motion to join in defendant Madigan's pretrial motions. Dkt. 63.

4

these issues unquestionably affects how the government will proceed and, of course, how the defendants will defend themselves against these allegations.

Rule 29: The *Snyder* decision also will impact the issues presented by the defendants' Rule 29 motions. After all, the government is required to prove the *essential elements* of the charges beyond a reasonable doubt. *United States v. Garcia*, 919 F.3d 489, 496 (7th Cir. 2019). With its decision, the Supreme Court will clarify exactly what those essential elements are.

Jury Instructions: Perhaps most importantly, the *Snyder* decision will define the scope of the jury instructions in this case. Providing clear and correct instruction to the jury in its consideration of the evidence is critical in every case, but this is especially true here. The government is not advancing a classic bribery theory; instead, the government is arguing that making job recommendations over the course of years while utilities have legislation pending before the House, again over years, violates federal and state bribery laws. The government may disagree with this description, but it cannot dispute the *Snyder* case may well have significant impact on its theory. As counsel understands it, the government revised its position on a gratuity instruction in the unrelated public corruption case against Ed Burke because the Supreme Court granted certiorari literally in the middle of the jury instruction conference. The potential impact of *Snyder* cannot be questioned.

A stay, or at the very least a continuance of the trial date, will remove the risk that the court and the parties will waste time and resources working in a murky landscape around section 666 that is about to be clarified by the Supreme Court. Denying the stay will prejudice the defendants by requiring them to prepare for a trial without a clear understanding of the elements that constitute the charges that they are defending against. Without a stay, the defendants also will be prejudiced by a lack of finality and, as such, may be required to incur the expense and other challenges

associated with a second trial. Further, a stay does not prejudice the government in any way. In fact, the government will benefit from the clarity that the *Snyder* decision will provide. After all, the Supreme Court may very well rule right at the end of a months-long trial commencing in April, rendering any result (and the effort that went into it) moot. Judicial efficiency and the parties' interests argue strongly for a stay in this case, which may amount to just a handful of months.

To be clear, the defendants are not asking that we simply put this case on a shelf for the next few months. The parties will make good use of the time during any continuance. As noted, this is an incredibly complex case with a massive amount of discovery. Just last month (a day or so before Thanksgiving), the government provided its eighth supplemental production. The production encompassed more than twelve thousand pages of materials, some of which related to events going as far back as 2014 (and potentially related to already-filed motions), and approximately 36 hours of recordings. Counsel for the defendants are committed to continuing to work diligently to prepare for and conduct an efficient trial. A stay is consistent with that commitment.

## **MEET AND CONFER**

On Monday, December 18, 2023, the undersigned counsel for defendant Madigan conferred with counsel for the government on the substance of this motion. The government requested time to consider the request. About 10 minutes before the filing of this very motion, the government responded and expressed its opposition.

WHEREFORE, Defendants Michael J. Madigan and Michael McClain respectfully request this Court to enter an order staying all proceedings in this matter pending the United States Supreme Court's decision in *Snyder v. United States* or, in the alternative, reset the trial date to the fall of 2024, after the Supreme Court has rendered its decision.

Dated: December 19, 2023  Respectfully submitted,

By: /s/ Daniel J. Collins

Daniel J. Collins, Esq. (ARDC #6224698)
Lari A. Dierks, Esq. (ARDC #6329610)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5434
Daniel.Collins@Katten.com
Lari.Dierks@Katten.com


By: /s/ Thomas M. Breen

Thomas M. Breen, Esq. (ARDC #0287547)
Todd S. Pugh, Esq. (ARDC #6243692)
BREEN & PUGH
53 W. Jackson Blvd., Suite 1215
Chicago, Illinois 60604
(312) 360-1001
tbreen@breenpughlaw.com
tpugh@breenpughlaw.com

***Attorneys for Defendant Michael J. Madigan***

Dated:  December 19, 2023                                       GREENSFELDER, HEMKER & GALE, P.C.

                                                                By:     /s/ Patrick J. Cotter
                                                                Patrick J. Cotter (ARDC # 6202681)
                                                                200 West Madison Street, Suite 3300
                                                                Chicago, IL 60606
                                                                Telephone: (312) 345-5088
                                                                pcotter@greensfelder.com

                                                                David P. Niemeier (ARDC # 6276713)
                                                                 10 South Broadway, Suite 2000
                                                                 St. Louis, MO 63102
                                                                Telephone: (314) 241-9090
                                                                dpn@greensfelder.com

                                                              ***Attorneys for Defendant Michael McClain***