UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   22 CR 115 |
| v. ) | Hon.  John Robert Blakey |
| ) | |
| MICHAEL MADIGAN and ) | |
| MICHAEL McCLAIN ) | |

GOVERNMENT'S RESPONSE TO DEFENDANTS'
JOINT MOTION TO STAY PROCEEDINGS OR,
IN THE ALTERNATIVE, CONTINUE THE TRIAL DATE

The UNITED STATES OF AMERICA, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendants Michael Madigan's and Michael McClain's joint motion to stay proceedings, or in the alternative, to continue the trial date.  The government respectfully represents as follows:

BACKGROUND

On October 12, 2022, a grand jury returned a twenty-three count superseding indictment against Madigan and McClain.  R. 37.  The following chart summarizes the counts and charges in the superseding indictment:

| Count | Defendant(s) | Violation(s) | Description |
|---|---|---|---|
| 1 | Madigan McClain | 18 USC § 1962(d) | Racketeering conspiracy |
| 2 | Madigan | 18 USC § 371 18 USC § 2 | Conspiracy—ComEd (multiple object conspiracy to violate § 666 and Foreign Corrupt Practices Act) |
| 3 | Madigan | 18 USC § 666(a)(1)(B) 18 USC § 2 | Solicitation—ComEd Board seat |
| 4 | Madigan | 18 USC § 666(a)(1)(B) 18 USC § 2 | Solicitation—ComEd payments to Individual 23W-1 in 2018 |
| 5 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act—ComEd, June 29, 2018 |
| 6 | Madigan | 18 USC § 666(a)(1)(B) 18 USC § 2 | Solicitation—ComEd Payments to Individuals 13W-1, 13W-2, 23W-1 in 2019 |
| 7 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act—ComEd, July 10, 2018 |
| 8 | Madigan | 18 USC § 1343 18 USC § 1346 | Wire fraud—State positions for Alderman A and relative |
| 9 | Madigan | 18 USC § 1343 18 USC § 1346 | Wire fraud—State positions for Alderman A and relative |
| 10 | Madigan | 18 USC § 1343 18 USC § 1346 | Wire fraud—State positions for Alderman A and relative |
| 11 | Madigan | 18 USC § 666(a)(1)(B) | Solicitation—State board position for Alderman A |
| 12 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act— State board position, August 15, 2018 |
| 13 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act— State board position, August 31, 2018 |
| 14 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act— State board position, December 1, 2018 |
| 15 | Madigan | 18 USC § 1951(a) 18 USC § 2 | Attempted extortion involving Company C—December 1, 2018 |
| 16 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act—Company C, June 23, 2017 |
| 17 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act—Company C, July 12, 2017 |
| 18 | Madigan | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act—Company C, July 18, 2017 |
| 19 | Madigan McClain | 18 USC § 1343 18 USC § 1346 | Wire fraud—Chinatown parcel |
| 20 | Madigan McClain | 18 USC § 1343 18 USC § 1346 | Wire fraud—Chinatown parcel |
| 21 | Madigan McClain | 18 USC § 666(a)(1)(B) 18 USC § 2 | Solicitation—Chinatown parcel |
| 22 | Madigan McClain | 18 USC § 1952(a)(3) 18 USC § 2 | Travel Act— Chinatown parcel, November 2, 2018 |
| 23 | Madigan McClain | 18 USC § 371 18 USC § 2 | Conspiracy—AT&T (to violate § 666) |

As can be seen from this chart, most of the charges—fifteen of twenty-three counts—are not predicated on either substantive or inchoate violations of 18 U.S.C. § 666.

Justice Antonin Scalia thought it clear that the text of § 666 prohibited the payment of both bribes and gratuities, *Sorich v. United States*, 129 S. Ct. 1308, 1310 (2009) (dissenting from denial of *certiorari*); the Supreme Court has defined a gratuity as a "reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken," *United States v. Sun-Diamond Growers*, 526 U.S. 398, 406 (1999) (Scalia, J.) (unanimous decision); and the Seventh Circuit has also held for many years (along with the majority of the courts of appeal to consider the issue) that the plain text of the statute, by using the exact same term "reward," covers gratuities as well. *See, e.g., United States v. Boender*, 649 F.3d 650, 655 (7th Cir. 2011) (citing *Sun-Diamond*).

The majority of courts of appeal agree with the Seventh Circuit; only two circuits are in the minority. Several weeks ago, the Supreme Court granted *certiorari* to resolve the circuit split as to whether 18 U.S.C. § 666(a)(1)(B) criminalizes gratuities in addition to bribes. *Snyder v. United States*, Case No. 23-108, — S. Ct. —, 2023 WL 8605740 (Dec. 13, 2023). Based on this development, the defendants ask this Court to stay the proceedings in this case or, in the alternative, to continue the trial date, pending the Supreme Court's decision, which is expected by the end of June 2024.

## ARGUMENT

The motion should be denied. As an initial matter, the defendants are wrong to maintain that the government will not be prejudiced by further delay in this case. The government and the public have a strong interest in a prompt resolution to this case. This case was first indicted on March 2, 2022, approximately two years ago, and the trial date in this matter has been set for an extended period of time. Yet the defendants propose a total halt to these proceedings, or at a minimum, pushing back the trial date until the end of this year (and perhaps later, into 2025, if the Court cannot accommodate an earlier date due to its own schedule and the expected length of this trial—which may run approximately eight weeks for the government's case). The Court should reject this invitation for such an extended delay. This case involves witness testimony that concerns events that occurred, in some cases, more than a decade ago. Any further delay (particularly the extended delay the defense seeks) poses potential challenges to the future availability of witnesses and impairment of their memories about events that occurred long ago. *Barker v. Wingo*, 407 U.S. 514, 519-21 (1972) (Sixth Amendment right to speedy trial is based on societal interest in providing speedy trial as well as risk that delay might result in witness unavailability and fading memories). Moreover, granting extended delays such as the one sought here contributes to a general sense that the wheels of justice do not move swiftly enough. As the government has noted recently in other related cases in this district arising out of the same investigation—where defendants have sought similar stays and trial delays to the one now sought in this case— the Northern District of Illinois ranks almost last in the entire country in terms of the

time it takes to resolve federal criminal cases; this district is in 92nd place out of 94 U.S. district courts when it comes to the median time from criminal felony case filing to disposition.[1] The government, the public, and this Court have a strong interest in finality and bringing this criminal case to a close; this Court should therefore reject any effort at such extended delay.

Second, there is no need to defer the trial date based on the Supreme Court's grant of certiorari in *Snyder*. As noted earlier, most of the charges in the superseding indictment do not even involve § 666. As to the pending pretrial motions that do involve § 666, they should be decided based upon Circuit precedent as it currently stands. As to the instructions the jury will receive at trial, the government is prepared, if the Supreme Court has not sent down its judgment in time,[2] to waive its right under Circuit precedent to argue that any benefits provided to Madigan were gratuities, that is, merely rewards for past actions Madigan had already committed to take. *Sun-Diamond Growers*, 526 U.S. at 406. There is therefore no need to wait for the Supreme Court's ruling in *Snyder*; the government is prepared to argue its case without relying upon a gratuity theory (even though it is clear, as the Seventh Circuit has held, that the statute does cover gratuities).[3] The motion should be denied.

---

[1] *See* United States Courts, "Federal Court Management Statistics—Profiles," p.47, available at www.uscourts.gov/sites/default/files/fcms_na_distprofile0930.2023.pdf (last visited Jan. 2, 2024).

[2] As noted earlier, the government's case in this matter is anticipated to take approximately eight weeks, and therefore there is a possibility that the Supreme Court's decision may be handed down before the trial in this matter concludes and before the jury is instructed on the law. The Supreme Court hands down the final opinions of the term by the end of June.

[3] The government tried a substantially similar set of § 666 charges in *United States v. McClain*, No. 20 CR 812 (N.D. Ill.) (Leinenweber, J.), and the gratuity theory did not figure prominently in

## CONCLUSION

For the reasons stated above, the government respectfully asks the Court to deny the defendants' motion to stay proceedings, or in the alternative, to continue the trial date.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By: /s/ *Amarjeet S. Bhachu*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH STREICKER
TIMOTHY CHAPMAN
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

---

that case either—so much so that the defendants in that case have argued in their post-trial motions that the government did not pursue a gratuity theory at trial. *Id.* [ECF# 264 at 44].