UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 22-CR-115 |
| v. | |
| MICHAEL J. MADIGAN and MICHAEL F. McCLAIN, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

On October 12, 2022, a grand jury returned a twenty-three count superseding indictment against Defendants Michael J. Madigan and Michael F. McClain, [37]. This matter comes before the Court on the Government's *Santiago* Proffer and Motion to Admit Evidence Pursuant to Rule 801(d)(2)(E). [103]. By prior order, this matter remains set for trial at 9:30 a.m. on October 8, 2024.

On March 18, 2024, the Government filed a proffer, [103], seeking to admit out-of-court statements made by alleged co-conspirators under Federal Rule of Evidence 801(d)(2)(E) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it "is offered against an opposing party" and "was made by the party's coconspirator during and in furtherance of the conspiracy." The Court may conditionally admit the co-conspirator statements under Rule 801(d)(2)(E) "before the conspiracy has been independently

established, but subject to the subsequent fulfillment of that critical condition" at trial. *Santiago*, 582 F.2d at 1130–31.

Under *Santiago*, the Government must show by a preponderance of the evidence that the purported co-conspirator statements meet three requirements: "(1) a conspiracy existed; (2) defendant and declarant were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir. 2010). When considering the question of whether a conspiracy existed, the Court may consider the co-conspirator statements themselves as evidence of the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 181 (1987). But the Government's proffer cannot rely on the coconspirator statements alone and "must also contain independent evidence corroborating the existence of the conspiracy and the participation of defendant and declarant." *Id.*

Defendants first argue that the Government's proffer has failed to establish by a preponderance of the evidence the existence of a conspiracy or that Defendant Madigan knowingly joined the conspiracy. In order to prove a defendant's involvement in a conspiracy, "the government must show that he '(1) knew of the conspiracy, and (2) intended to associate himself with the criminal scheme.'" *United States v. Stephenson*, 53 F.3d 836, 843 (7th Cir. 1995) (quoting *United States v. Schumpert*, 958 F.2d 770, 773 (7th Cir. 1992)). But the "government is not required to prove that there was a formal agreement, and circumstantial evidence indicating

the defendant's membership in the conspiracy can also be considered." *Id.* (citing *Schumpert*, 958 F.2d at 773).

The Government filed a 224-page proffer describing the nature of the conspiracy and providing summaries and examples of the evidence it intends to introduce at trial. [103]. The Government's proffered evidence includes witness testimony, documentary evidence, and recorded conversations. The evidence the Government describes includes numerous examples of conversations, actions, and agreements involving both McClain and Madigan that establish the existence of a conspiracy and their membership therein.

For example, the proffer details conversations between McClain and others that indicate McClain acted on Madigan's behalf and at his direction to further the goals of the conspiracy. *See, e.g.* [103] at 28–29, 36, 67–77, 81–82. Further, the proffer describes evidence of conversations involving Madigan that demonstrate Madigan knew of the conspiracy and intended to associate with it. *See, e.g. id.* at 45–46, 52, 81, 99–113, 131. Thus, based upon this proffer, the Court conditionally finds the existence of a conspiracy involving both Defendants under Rule 801(d)(2)(E), of course subject to later proof of the *Santiago* factors by a preponderance of the evidence at trial.

Defendants also argue that the *Santiago* proffer fails to identify the specific statements the Government seeks to admit at trial. The Government identified in its proffer certain categories of statements it seeks to introduce and provided examples in its proffer, but it did not proffer a complete list of each co-conspirator statement.

While the Seventh Circuit has held that the Government need not list out each and every co-conspirator statement, it has emphasized that the trial court retains discretion in setting its *Santiago* proffer requirements. *United States v. McClellan*, 165 F.3d 535, 553 (7th Cir. 1999).

At the January 3, 2024 hearing, the Court informed the Government that it must sufficiently identify the co-conspirator statements that it seeks to introduce at trial such that the Defendants may raise a reasonable objection. [93] at 46. Based upon the Government's proffer, the Court cannot admit at this time, on a pretrial basis, every individual statement because the Government has not sufficiently identified each statement for Defendants.

The Court directs the Government to file a supplemental disclosure on or before September 9, 2024, identifying the coconspirator statements it intends to introduce at trial that have not already been identified in their proffer materials. This supplemental disclosure need not reproduce the statements verbatim, but rather it may take the form of a list of citations to the tendered discovery for each statement or group of statements. To the degree the government has not already done so in its proffer materials, the supplemental disclosure must also contain a brief summary of the categories of testimony or evidence encompassing the statements and a brief explanation of why the categories of testimony are admissible pursuant to Rule 801(d)(2)(E). With the benefit of this prior notice, Defendants can, if needed, raise timely objections to the admissibility of specific statements offered by the Government.

The Government's *Santiago* motion, [103], is GRANTED on the condition that it provides Defendants with the disclosure described herein.

Date: August 16, 2024

                                      ENTERED:

                                      John Robert Blakey
                                      United States District Judge