UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL J. MADIGAN<br>and MICHAEL F. MCCLAIN | No. 22 CR 115<br><br>Hon. John Robert Blakey |

## STIPULATION OF FACTS RELATED TO FORFEITURE

The parties hereby agree and stipulate to the following facts for the purpose of forfeiture proceedings:

1.     The superseding indictment charges defendants Michael J. Madigan and Michael F. McClain with racketeering conspiracy, bribery, and other related offenses. R. 37. The superseding indictment includes two forfeiture allegations naming both defendants, each of which seeks a money judgment. R. 37 at 114-117.

2.     Forfeiture Allegation One gave notice that the government would seek forfeiture in the amount of $2,857,337 upon defendants being convicted of racketeering conspiracy, in violation of Title 18, United States Code, Section 1962. R. 37 at 114-115.  Forfeiture Allegation One seeks this money judgment pursuant to Title 18, United States Code, Section 1963(a)(3), which provides for the forfeiture of "any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity . . . in violation of section 1962." *Id.*

3.     Forfeiture Allegation Two gave notice that the government would seek forfeiture of "any property, real and personal, which constitutes or is derived from proceeds traceable to" the offenses charged in Counts Two through Twenty-Three. R.

37 at 116-117. Forfeiture Allegation Two seeks a money judgment in the amount of $2,857,337, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

4.     Beyond the evidence and testimony presented at trial and the summary chart attached to this filing (Exhibit A), the parties do not intend to present additional witnesses or evidence to the Court regarding forfeiture.

5.     The parties stipulate to the following facts for the purpose of the Court's determination of forfeiture should the jury return a verdict of guilty as to either or both defendants.[1]

**Subcontractor Payments – Commonwealth Edison ("ComEd"):  $1,302,750**

a.     Frank Olivo was paid a total of $368,000 from 2011 to 2019, which payments were made to Olivo by Jay Doherty or Jay D. Doherty & Associates, Inc. with funds received from ComEd.  GX 1520 at 1, 11-13, 21; Tr. 3758-3782.[2]

b.     Ray Nice was paid a total of $415,000 from 2012 to 2019, which payments were made to Nice or his business entity by Jay Doherty or Jay D. Doherty & Associates, Inc. with funds received from ComEd.  GX 1520 at 1, 14-16, 21; Tr. 3758-3782.

---

[1] As stated in Court, the parties disagree as to the application of these facts to the law governing forfeiture.  By this filing, the defendants are not agreeing that any of the funds discussed herein are subject to forfeiture.   The government and defendant McClain agree that Forfeiture Allegation Two will have limited applicability to defendant McClain because he is charged in only 6 of the 23 counts in the superseding indictment

[2] The references herein to "GX" are exhibits admitted by the government at trial, and the references to "Tr." are relevant pages of the trial transcript.

      c.    Edward Moody was paid a total of $354,750 from 2012 to 2019, which payments were made to Moody or his business entity by the following individuals/entities with funds received from ComEd (GX 1520 at 1-2, 17-18; Tr. 3758-3782):

> 1. $93,750 was paid to Moody by defendant Michael McClain during the time period April 2012 to February 2014 with funds received from ComEd. *Id.* McClain had personal control over these funds during the time they were received from ComEd until they were remitted to Moody.
>
> 2. $144,000 was paid to Moody by Jay Doherty or Jay D. Doherty & Associates, Inc. during the time period March 2014 to October 2016 with funds received from ComEd. *Id.*
>
> 3. $72,000 was paid to Moody by Shaw Decremer (Shaw Decremer Consulting LLC) during the time period November 2016 to February 2018 with funds received from ComEd. *Id.*
>
> 4. $45,000 was paid to Moody by John Bradley (the John E. Bradley Law Firm) during the time period March 2018 to December 2018 with funds received from ComEd. *Id.*

      d.    Michael Zalewski was paid a total of $45,000 from 2018 to 2019, which payments were made to Zalewski or his business entity by Jay Doherty or Jay D. Doherty & Associates, Inc. with funds received from ComEd. GX 1520 at 1, 20, 21; Tr. 3758-3782.

e.　　Edward Acevedo was paid a total of $120,000 from March 2017 to December 2018, which payments were made to Edward Acevedo or his sons' company (Apex Strategy LLC) by the following individuals/entities with funds received from ComEd (GX 1520 at 3, 19, 21; Tr. 3778-3782):

　　　　1.　$60,000 was paid to Edward Acevedo or Apex Strategy LLC by Shaw Decremer (Shaw Decremer Consulting LLC) during the time period March 2017 to February 2018 with funds received from ComEd. GX 1520 at 3.

　　　　2.　$10,000 was paid to Edward Acevedo (Apex Strategy LLC) by Roosevelt Group, Inc., in May 2017 with funds received from ComEd. *Id.*

　　　　3.　$50,000 was paid to Edward Acevedo by John Bradley (the John E. Bradley Law Firm) during the time period March 2018 to December 2018 with funds received from ComEd. *Id.*

f.　　In sum, the ComEd payments to the subcontractors totaled $1,302,750. GX 1520 at 21.

### Reyes Kurson Law Firm Payments – ComEd:  $1,837,938.13

g.　　ComEd entered into an agreement with Reyes Kurson for legal services on October 25, 2011. GX 1071. From 2012 to 2019, ComEd paid Reyes Kurson $1,837,938.13 in fees for legal services. GX 1520 at 22; Tr. 3782-83.

### Juan Ochoa Board Seat – ComEd: $78,000

h.      Juan Ochoa was appointed to the ComEd board of directors on April 26, 2019.  Stipulation No. 72 (Tr. 4184).  The annual salary for a ComEd board member was $78,000, and Mr. Ochoa served as a member of the ComEd board of directors for one year.  GX 61; Tr. 4187.

### Subcontractor Edward Acevedo – AT&T Illinois: $22,500

i.      Edward Acevedo (Apex Strategy LLC) was paid a total of $22,500 from 2017 to 2018 by Thomas Cullen (Cullen Inc.) with funds received from AT&T Illinois.  GX 1078.

### Madigan & Getzendanner Fees – Union West: $3,331.25

j.      Madigan & Getzendanner entered into a retainer agreement with ZOM Living on September 19, 2017, to perform an estimate of real estate taxes for the multi-residential facility located at 935 W. Washington, Chicago, Illinois. GX 1059.  On or about June 13, 2018, the Haymarket Apartments Joint Venture LP, which was the limited partnership under which ZOM Living developed Union West, paid Madigan & Getzendanner $3,331.25 for those services.  GX 1076; Stipulation 57. By virtue of his interest in Madigan & Getzendanner, these funds were under the personal control of defendant Madigan once received.  Stipulation 7; Tr. 9454.

## Total Forfeiture Amount Sought by the Government

5.     As set forth in the attached summary chart (Exhibit A), to which the parties stipulate, the payments described above total $3,244,519.38.[3]

6.     Prior to the Court's determination on forfeiture, should such a determination become necessary based upon the jury's verdict, the parties respectfully request the opportunity to present their legal positions on forfeiture to the Court in written filings.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

/s/ *Amarjeet Bhachu*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH E. STREICKER
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

---

[3] The total forfeiture amount sought by the government ($3,244,519.38) is higher than what is alleged in the superseding indictment because additional financial records related to Reyes Kurson were obtained after the superseding indictment was returned, which reflected additional payments to Reyes Kurson by ComEd.

/s/ *Daniel J. Collins*                    /s/ *Thomas M. Breen*
Daniel J. Collins                          Thomas M. Breen
Lari A. Dierks                             Todd S. Pugh
Katten Muchin Rosenman LLP                 BREEN & PUGH
525 West Monroe Street                     53 W. Jackson Blvd., Suite 1215
Chicago, Illinois 60661                    Chicago, Illinois 60604
(312) 902-5434                             (312) 360-1001
Daniel.Collins@Katten.com                  tbreen@breenpughlaw.com
Lari.Dierks@Katten.com                     tpugh@breenpughlaw.com

***Attorneys for Michael J. Madigan***

/s/ *Patrick J. Cotter*                    /s/ *John D. Mitchell*
Patrick J. Cotter                          John D. Mitchell
UB GREENSFELDER, LLP                       WILLKIE FARR & GALLAGHER LLP
200 West Madison Street, Suite 3300        300 North LaSalle Street, Suite 5000
Chicago, IL 60606                          Chicago, IL 60654
Telephone: (312) 345-5088                  (312) 728-9000
pcotter@ubglaw.com                         jmitchell2@willkie.com

***Attorneys for Defendant Michael F. McClain***

7