UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 22 CR 115 |
| | Hon. John Robert Blakey |
| MICHAEL J. MADIGAN and MICHAEL F. MCCLAIN | |

## STATUS REPORT

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following status report, pursuant to the Court's order on January 22, 2025, regarding draft jury instructions.

1. On January 2, 2025, the Court conducted a charge conference at which the parties argued their positions on jury instructions and the Court made certain rulings on jury instructions. R. 292. At the end of the charge conference, the Court directed the parties to meet and confer regarding outstanding issues related to jury instructions.

2. On January 5, 2025, the government reported on the status of the parties' efforts to meet and confer, and the government submitted its objections to the draft jury instructions by way of a Word document (attached here as Exhibit A) containing a redline to the third version of the Court's proposed instructions. The government's submission to the Court stated as follows:

1

The parties had a meet and confer regarding jury instructions. With the exception of court's instructions 31 and 32, the parties have not been able to come to a consensus, but we are submitting our proposals for the Court's review and are awaiting further possible revisions to suggested defense instructions. To that end, attached are the government's proposed revisions to the following court's instructions:

#31 (agreed by all parties)
Delete #32 (agreed by all parties with the proposed additions to #31)
#43
#46
#47
#57
#58
#65

The proposed language is set forth in the attached Word document as a redline to the Court's most recent instructions (V3). The parties conferred regarding these proposals, as well as the proposed defense instructions. All parties agree to the attached language for court's instruction 31 and to deleting instruction 32. The remaining government proposals are either objected to by the defendants or remain under consideration, as reflected in the note next to the title of each instruction.

As the government informed counsel during the meet and confer, the government is no longer seeking to add the bracketed omission/concealment language from the pattern to the scheme to defraud instruction (court's instruction 72). Therefore, the government is not proposing any changes to the instruction.

Finally, the government's legal support for the factual impossibility instruction (part of court's instruction #47) is listed below. As noted in the attached document, defendants object to adding this language to the instruction.

Model Federal Jury Instructions – Form Instruction 10-2 (modified) (Affirmative Defense – Legal or Factual Impossibility)
*United States v. Jimenez Ricio*, 537 U.S. 270 (2003) (holding that impossibility does not terminate a conspiracy)
*United States v. Saenz*, 1992 U.S. Dist. LEXIS 3546 (N.D. Ill. 1992) ("The impossibility of committing the substantive offense is not a defense to conspiracy. It does not matter that the ends of the conspiracy from the beginning were unattainable.")
*United States v. LaBudda*, 882 F.2d 244 (7th Cir. 1989) (same)
*United States v. Weaver*, 8 F.3d 1240, 1243 (7th Cir. 1993) ("Factual impossibility is not a defense to an attempt crime.")
*United States v. Bailey*, 227 F.3d 797, 797 (7th Cir. 2000) (same; attempted extortion case)

3.      On January 7, 2025, counsel for Madigan submitted to the Court the defendants' proposals for edits to the third version of the Court's instructions (attached herein as Exhibit B[1]), also by way of a Word document containing a redline to the Court's third version of instructions.  Madigan's submission stated as follows:

> The defense's proposals for the disputed instruction are attached.

4.      On January 16, 2025, defendants jointly submitted to the Court proposed jury instructions on job recommendations and lobbying, and the government objected to both instructions.  The defendants' submission stated:

> The defense proposes the below jury instructions on job recommendations and lobbying. The government objects to both instructions.
>
> **Job Recommendations**
>
> A public official may make job recommendations to private employers. Without an intent to do so as part of exchange of a thing of value for an official act, the job recommendation is legal.
>
> **Lobbying**
>
> Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level.
>
> Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials.
>
> Under Illinois law, a person who engages in lobbying is not required to register as a lobbyist if the person does not make any "reportable expenditures." Illinois law

---

[1] The cover page of this document mistakenly refers to this submission as the "Government's" proposal; as defendant Madigan clarified for the Court at the time, the document contained in Exhibit B is defendant Madigan's proposal.

defines "reportable expenditures" as: (1) Travel and lodging on behalf of others, including, but not limited to, all travel and living accommodations made for or on behalf of State officials during sessions of the General Assembly; (2) Meals, beverages and other entertainment purchased for a public official; (3) Gifts to an public official (indicating which, if any, are on the basis of personal friendship); (4) Honoraria given to a public official; (5) Any other thing or service of value given to an elected official that is not listed under categories (1) through (4).

Lobbying is authorized by law as long as it not intended to be part of a "this for that" exchange for official action by an elected official.

5.     On January 17, 2025, the government submitted its response and objections to the defendants' proposals outlined above.  The government's submission stated:

The government confirms that it is not seeking a jury instruction regarding patronage.  Our view is that the limited evidence regarding patronage did not trigger a need for such an instruction.  Furthermore, if such an instruction were given, it would have to be a complicated and lengthy instruction in order to accurately capture *Shakman* and its progeny, which simply is not necessary in this case where the legality/illegality of patronage is not at issue.  For example, an official that causes or procures the violation of the *Shakman* rules by a third party would themselves have engaged in unlawful activity, and so this instruction incorrectly implies that such unlawful activity is in fact lawful.  Rather than delving into whether patronage hiring requests are lawful, the instructions should communicate to the jury what they are required to find in order to find the government has established the elements of a charged offense.

In terms of the instruction sought by defendants regarding job recommendations, the government has no objection to the instruction originally proposed by the defendants on January 7, 2025 (see Lari Dierks email at 6:51pm on 1/7/25), namely:

"A job recommendation by a public official to a private employer with business before the legislature, without more, is not a violation of the law."

The government does, however, object to the newly formulated instruction ("A public official may make job recommendations to private employers. Without an intent to do so as part of exchange of a thing of value for an official act, the recommendation is legal") because it is inconsistent with other instructions, namely, the state law bribery, extortion, and conspiracy instructions.  For example, this proposed instruction is inconsistent with the pattern instruction for the definition of color of

official right.  It also seeks to improperly incorporate the idea of exchange into every single offense charged, which is improper as well. For example, not all State bribery statutes require an intent to engage in an exchange so that instruction is wrong as a matter of law. Furthermore, it is more complicated than the earlier formulation and could cause juror confusion.  As the concept of exchange is covered for the pertinent statutes where necessary, it would be improper to repeat it and attempt to make a wholesale injection of the concept again.

As to defendants' proposed lobbying instruction, the government objects for a number of reasons.  First, we do not believe that an instruction to the jury on lobbying is necessary – the jury has now heard from many witnesses (including lobbyists) who have described what lobbying is and what lobbyists do and the registration requirements.  The government has not and will not contend that lobbying in and of itself is illegal.  Moreover, the instruction as provided mistakenly implies that lobbyists may make any expenditure in support of lobbying activity, when in fact that are many onerous restrictions placed on lobbyists and what activities and benefits they are permitted to provide (and thus which are not authorized by law) which are absent from this instruction. Furthermore, the text of the instruction itself misstates the Illinois lobbying requirements.  The citation relied upon does not exempt reporting under the facts of this case; it only applies to those testifying before legislative committees. There is no evidence that McClain did so.

6.      On January 19, 2025, the Court submitted to the parties an updated set of jury instructions (attached as Exhibit A to defendant Madigan's Objections to Draft Jury Instruction, Docket No. 314).  On January 21, 2025, the government submitted to the Court its objections to the updated jury instructions.  Later that same day, counsel for Madigan submitted their objections and responded to the government's objections by embedding their response into the government's submission, as set forth below:

Instruction 5 (Government standing on prior objection; Madigan no objection)

Acknowledging the Court's prior ruling, the government stands on its prior objection to the "you may not speculate or rely on suspicion" language.

Instruction 11

The government objects in that we are seeking to add language consistent with Pattern Instruction 3.04 reflecting defendant Madigan's testimony. Specifically, in addition to the language currently in the instruction (to which we have no objection), we request that the Court add:

**You may consider an earlier inconsistent statement by defendant Michael Madigan made before the trial to help you decide how believable defendant Madigan's testimony was here in court, and also as evidence of the truth of whatever defendant Madigan said in the earlier statement**.

**Madigan Response:** This instruction should not be given as there has been no evidence that defendant Madigan made an earlier inconsistent statement. '

Instruction 29

As stated previously, the government objects to an instruction regarding lobbying. We believe that the instruction is misleading and will cause confusion, and is unnecessary because there has not been nor will there be an argument in the case that lobbying itself is unlawful. If the Court is to give a lobbying instruction, we request the following changes (reflected in bold font) to avoid juror confusion and to make the instruction consistent with the law:

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level. Illinois law defines influencing as any communication, action, reportable expenditure~~, or other means~~ used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials. **Lawful lobbying does not include conduct that is in violation of federal law or the state statutes identified in Instruction 42.** Persons who, for compensation or otherwise, undertake to lobby, or any person or entity who employs or compensates another person for the purposes of lobbying, must register with the Secretary of State under the Lobbyist Registration Act. Lobbying, without more, is not unlawful. Instead, the government must prove the elements of the charged offenses set forth in these instructions.

**Madigan Response**: Objects to the government's proposed additional sentence as it is already covered by the last sentence of the instruction.

Instruction 41

Defendant Madigan proposes an addition to this instruction that instructs the jury that an exchange is required to violate the state law bribery statutes. As articulated at the conference, in response to defendants' pretrial motions, the government argued that the state law statutes are not unconstitutionally broad because an exchange is required. The government has now reversed its position and argues that influence, without an exchange, is enough to violate the statutes.

Additionally, 720 ILCS 5/33-1(d) requires that "he or she is not authorized by law to accept" the property or personal advantage. This is not currently reflected in the instructions.

Instruction 42

Defendant Madigan continues to object to the Gift Ban and Ethics statutes.     The government has previously stated that it is not arguing a violation of the gift ban occurred. (Trial transcript, p. 7999.) Similarly, there is no evidence that Madigan accepted any compensation or economic opportunity in violation of the ethics provisions included. As a result, these instructions are not triggered by the facts of this case by carry a significant concern that they will confuse the jury and a conviction may be based on a violation of a state ethics law that carries no criminal penalty.

Instruction 47 (standing on prior objection; Madigan no objection)

Acknowledging the Court's prior ruling, the government stands on its prior objection to the addition of "specific" and "rather than a broad policy objective" and seeks the pattern instruction on official action.

Instruction 52 – typo only

In the first sentence, there should be an "of" in between "violations" and "Title 18." Otherwise, we agree to the instruction.

Defendant Madigan proposes to add the following paragraph: "The government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that some member of the enterprise agreed to commit two unlawful activities. However, you must unanimously agree on that unlawful activity." While defendant Madigan recognizes that the jury is not required to agree on which predicate acts some member of the conspiracy agreed to commit, the defense has found no case law that indicates this eliminates the requirement that the jury unanimously agree that an agreement to commit the same unlawful activity to find a potential violation of the Travel Act.

Instruction 56

The government objects to several parts of the instruction:

1. After subparagraphs (1) and (2), the government believes the language should read as follows (new language in bold): the defendant understood **the solicitation or offer** ~~nature of the agreement~~ involved a "this for that" exchange of a "thing of value" for an "official action" (as defined in this instruction and Court's Instruction 47, respectively). We propose this language because, in the context of a corrupt solicitation, the government does not have to prove an agreement existed.

2. Likewise, in the next paragraph (which begins, "This exchange involves the unlawful . . ."), we request that the second and third sentences should read as follow: **To prove the conspiracy to corruptly solicit a bribe as charged in Count Two, however,** the government must prove that the conspiracy to solicit a bribe existed before the official action is to take place. Therefore, if the bribe is to be paid after an official action occurs, then the government must prove that the bribery ~~agreement~~ **conspiracy** existed before the official action was to take place.

3. We object to the sentence "vague expectations of some future benefit are not sufficient, by themselves, to make a payment a bribe" as unnecessary and inconsistent with an offense alleging corrupt solicitation.

**Defendant Madigan Response:**

1. **Corruptly**

As articulated at the last charge conference and starting on page 9201 of the transcript, defendant Madigan objects to the definition of "corruptly."

The first objection is based on the inclusion of the knowledge of the exchange in the definition of corruptly rather than in the elements. As articulated in *Snyder*, "Section 666 shares the defining characteristics of § 201(b)'s bribery provision: the corrupt state of mind **and** the intent to be influenced in the official act." *Snyder v. United States,* 603 U.S. 1, 12 (2024) (emphasis added). Therefore, the defendant must knowingly and intentionally act with the intent to be influenced or rewarded in exchange for an official action related to some business, transaction or series of transactions of the government. In addition, the defendant must do so corruptly. Based on this, it is defendant Madigan's position that the exchange of a thing of value for an official act should be articulated in element 3: "That person does so corruptly, as defined in these instructions, and acted knowingly and intentionally with the intent to be influenced or rewarded <u>in exchange for an official action related to</u> some business, transaction or series of transactions of the government."

8

Second, as discussed previously, defendant Madigan's position is that the definition of "corruptly" conveys a heightened *mens rea* which must inform the jury that the defendant acted knowing that his conduct was unlawful. *See, United States v. Bonito*, 57 F.3d 167, 171 (2nd Cir. 1995). The Seventh Circuit pattern instruction relies upon *Bonito* for its definition of corruptly, however, *Bonito* upheld a jury charge which required the jury to find the defendant acted unlawfully. Rather than using the term unlawful, the Seventh Circuit pattern jury instructions and the Court's proposed instruction references the defendant's intent to be influenced or rewarded "in connection with his official duties." However, there are three issues with this definition. First, the phrase is written from the perspective of the bribe payor, while only defendant Madigan is charged in Count 2. Second, common law discusses the term "official duties" as it related to the public official's legal duty to his constituents and the public at large. *United States v. Rooney,* 37 F.3d 847 (2d Cir. 1994) ("a 'corrupt' act is a breach of some official duty owed to the government or the public at large"; "bribery in essence is an attempt to influence another to disregard his duty while continuing to appear devoted to it or to repay trust with disloyalty".) Third, the inclusion of "in connection with" to the public official's duties does not articulate the requirement that the jury find the defendant *violated* an official duty or acted in violation of his official duties. Fourth, there is significant concern that the jury will confuse "official act" and "official duties" which are two separate concepts.

To address these concerns Madigan offers a definition of "official duties" as dictated by the caselaw: "The defendant acts corruptly when he specifically intends to receive a private financial benefit in violation of his legal duty to faithfully represent his constituents and the citizens of Illinois." *United States v. Jones,* 993 F.3d 519, 533 (7th Cir. 2021) ("The [§201] bribery statute's use of 'corruptly,' the intent requirement, cabins its scope to defendants who receive money for the unlawful purpose of violating their official duties. *See United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009). It also requires evidence of a quid pro quo, the exchange of a thing of value for the violation of an official duty. *See United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05, 119 S. Ct. 1402, 143 L. Ed. 2d 576 (1999)."); *United States v. Fischer,* 64 F.4th 329, 325 (D.C. 2022) *overruled on other grounds* (Walker, J. concurring) (corruptly is not capricious" and requires some intent to act unlawful or in violation of a legal duty"). The ultimate question is how the defendant's conduct "injured [or intended to injury]... the public at large, and thus how a duty owed had been transgressed."); *United States v. Bonito,* 57 F.3d 167, 171 (2nd Cir. 1995) (upholding jury instruction which defined corruptly as: "voluntarily and intentionally with the purpose, at least in part, of accomplishing either an unlawful end result or a lawful end result by some unlawful method or means. A person acts corruptly, for example, when he gives or offers to give something of value intending to influence or reward a government agent in connection with his official duties.")

2. **Bribery / Gratuity Distinction (Government point (b))**

Defendant Madigan objects to the government's proposed modification of the Court's instruction as confusing and unnecessary. Defendant Madigan proposes his initial version of this instruction for clarity: "The government must prove that defendant specifically agreed to take an official act in exchange for a thing of value before the official act is to take place."

3. **Stream of Benefits**

Defendant Madigan objects to inserting the stream of benefits concept into the instructions as this concept will confuse the jury and lessens the government's burden. Additionally, as articulated in pretrial motions, defendant Madigan maintains the position that the stream of benefits theory is not valid post-*Snyder*. To the extent that a stream of benefits theory is valid, it is addressed by the other instructions related to § 666.

4. **Bona Fide Salary**

The Court noted in its pretrial order that 666(c) was an affirmative defense. (Dkt. 213, p. 19.) To demonstrate that Madigan violated § 666, the government must prove the defendant corruptly solicited non-bona fide salary, wages, and fees jobs. *See United States v. Ruan,* 597 U.S. at 467 (the scienter of knowingly and intentionally applied to the safe harbor exception, thus the government must prove beyond a reasonable doubt that the defendant knew or intended that his or her conduct was unauthorized—not in comparison to objective medical standards.) Based on this, defendant Madigan proposes to revise this instruction to add the following: <u>The Government must prove beyond a reasonable doubt that the defendant knew the jobs at issue were not bona fide wages paid in the usual course of business. If the government has not sustained its burden on this point, compensation paid to another person cannot be a thing of value and the defendant must be found not guilty.</u>

<u>Instruction 57</u>

The government object only to certain language in the third paragraph of the instruction. Specifically, we ask that the Court delete "validity of the entries within," because it is not applicable to the fourth offense charged in Count Two. The good faith instruction as to the fourth offense should be limited to compliance with the system of internal controls.

**Madigan Response**: No objection to government modification.

<u>Instruction 58</u>

Madigan objects to the "Intent to Influence" instruction as an incorrect statement of law as it applies to 18 USC 666. The concept that it is not necessary that the public official intended to perform the specific official act is covered by other instructions.

Instruction 59

Madigan objects to the second paragraph of the definition of "Agent." The concept that a person does not need to have exclusive control over an official act is covered by the Court's addition to the definition of Official Act.

Instruction 60

The government objects to the last paragraph of the instruction. Consistent with our objections to Instruction 56, we ask that the Court delete the last paragraph (which begins, "To prove the conspiracy to accept a bribe . . . ") and replace it with the following language: **To prove the conspiracy to corruptly solicit a bribe as charged in Count Twenty-Three, the government must prove that the conspiracy to solicit a bribe existed before the official action was to take place. Therefore, if the bribe was to be paid after an official action occurs, then the government must prove that the bribery conspiracy existed before the official action was to take place.**

**Madigan Response:** Defendant Madigan objects to the government's proposed modification.

Instruction 61

**Defendant Madigan incorporates his response to Instruction 56.**

Instruction 63

Consistent with the objections set forth above, the government's view is as follows:
1. In the paragraph that starts with, "In other words, the government must prove," the government asks that the Court delete "the nature of the agreement" and replace it with "**the solicitation involved**." In the government's view, the "nature of the agreement" language is not correct because, as noted above, in the context of a corrupt solicitation, the government does not have to prove an agreement so the defendant need not understand the nature of an agreement.
2. Likewise, in the next paragraph, we have no objection to the first sentence ("This exchanges involves . . . "), but we object to the remaining sentences in this paragraph. We suggest that those sentences be deleted and replaced with the following: **To prove the offense of "corruptly soliciting a bribe" as charged in Count Three, Four, Six, and Eleven the government must prove that the solicitation occurred before the official action was to take place. Therefore, if the bribe was to be paid after an official action occurs, then the government**

11

**must prove that the solicitation occurred before the official action was to take place.**

3. We object to the "vague expectations" sentence in the second to last paragraph for the same reasons noted above.

**Defendant Madigan incorporates his response to Instruction 56.**

Instruction 64

Consistent with the objections articulated above, the government objects to several parts of this instruction:

1. In the paragraph starting with, "In other words, the government must prove," the government asks that the Court delete "the nature of the agreement" and replace it with the defendant understood "**the solicitation involved**."

2. In the paragraph starting with, "This exchange involves the unlawful influence," we have no objection to the first sentence.   We object to the remaining sentences of that paragraph and ask that those sentences be replaced with the following: **To prove the offense of "corruptly soliciting a bribe" as charged in Count Twenty-One, however, the government must prove that the solicitation occurred before the official action was to take place.  Therefore, if the bribe was to be paid after an official action occurs, then the government must prove that the solicitation occurred before the official action was to take place.**

3. We object to the "vague expectations" sentence for the same reasons noted above.

**Defendant Madigan incorporates his response to Instruction 56.**

Instruction 66

Madigan objects to the *Pinkerton* instruction. Because the superseding indictment charges only one defendant without any clarity on the scope of unindicted coconspirators, a *Pinkerton* instruction will only cause confusion.

Instruction 69

Madigan incorporates his response to Instruction 41.

Verdict form – Count One

The government objects to the verdict form for Count One and requests that we use the prior version circulated by the Court.  The government objects on the grounds that this will cause confusion for the jury, and because the charge in Count One is racketeering conspiracy, not substantive racketeering, and the verdict form

improperly suggests that the jurors must find that the elements of the underlying offenses were satisfied.

**Madigan Response**: Objection to the government's proposed modification.

<u>**Additional Instructions Proposed by Madigan**</u>

<u>Good Faith – Federal Programs Bribery</u>

"If the defendant believes in good faith that he is acting within the law or that his actions comply with the law, he cannot be said to have acted corruptly or with the purpose to obtain an unlawful benefit for himself or someone else. This is so even if the defendant's belief was objectively unreasonable. However, you may consider the reasonableness of the defendant's belief together with all the other evidence to determine whether the defendant held the belief in good faith."

While "willfully" does not appear in § 666, the history of "corruptly" supports that this *mens rea* also includes a specific intent and the good faith instruction is proper. Based on this evolution of the case law, the defendants here are arguing a heightened *mens rea* applies to § 666. A prudent course given the genesis of the law in this area would be to provide the jury with the good faith instruction.

<u>Good Faith – Honest Services Fraud</u>

"If a defendant acted in good faith, then he lacked the intent to defraud required to prove the offense of wire fraud charged in Counts Nineteen and Twenty. A defendant acted in good faith if, at the time, he honestly believed the truthfulness or validity of the representation or promises that the government has charged as being false or fraudulent. A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud as charged in Counts Nineteen and Twenty."

The government must prove the defendant acted corruptly. *Cheek v. United States*, 498 U.S. 192, 202, 204-206 (1991); *United States v. Becker*, 965 F.2d 383, 388 (7th Cir. 1992). This *mens rea* requires "specific intent" by the defendant because the defendant must know he his actions were unlawful. *Snyder v. United States*, 144 S.Ct. 1947, 1957 (2024); *United States v. Fischer*, 64 F.4th 329, 361 (D.C. Cir. 2023).

7. Also on January 21, 2025, counsel for defendant McClain submitted

McClain's objections to the draft jury instruction, stating as follows:

On behalf of Mr. McClain, we respectfully request a few limited modifications to the proposed jury instructions. As explained below, three of the instructions as proposed pose Constitutionality concerns and also continue to pose a high risk of jury confusion concerning the interplay of the lobbying instruction (**Instruction 29**), the Illinois bribery and official misconduct instructions that are part of the Count One RICO conspiracy (**Instruction 41**), and the Gift Ban Act and Ethics Act instructions (**Instruction 42**).

First, we respectfully submit that the current version of the Illinois bribery and misconduct statutes included in Instruction 41 do not adequately address the Constitutionality concerns that the defense raised pretrial. In particular, prior to trial, the government asserted that the Illinois bribery and misconduct statutes were not unconstitutionally vague, and the government assured the court, among other things, that, "[w]hatever the outer contours of the Illinois bribery statutes may be, it is plain that Madigan's efforts to solicit, obtain, and receive private benefits *in exchange for* his action on these matter as alleged in the superseding indictment constituted bribery and official misconduct." ECF No. 141 at 40-41 (Emphasis added.); see also ECF No. 141 at 39 ("The indictment's 117 pages make it clear that Madigan was bribed *in exchange for* his ability to influence state legislation and make high-level appointments." (emphasis added.). See also ECF No. 261 at 60-63 for additional support for the request to include "in exchange" language in Instruction 41.

The government has now abandoned that position and has objected to the defense proposal to include language requiring proof of an exchange. We respectfully request that the Court either (1) modify the instructions for the Illinois statutes so that they require proof of an exchange, or (2) revisit the defense arguments regarding the Constitutionality of the Illinois statutes.

Further, Mr. McClain respectfully requests that the Court remove the references to the Illinois Gift Ban Act and the Ethics Act. The current instructions for the Illinois bribery and misconduct statutes in Instruction 41 arguably allow the jury to find a lobbying defendant guilty of bribery—and, in turn, guilty of RICO conspiracy—based on a violation of the Illinois Gift Ban statute. The Illinois Gift Ban statute (which is not a felony criminal statute) prohibits elected officials from receiving things of value from "prohibited persons," which includes lobbyists. Mr. McClain's defense is and always has been that he was engaged in legal lobbying throughout the charged conspiracy, and Instruction 29 correctly instructs the jury that Illinois law defines lobbying as efforts *to influence* elected officials. As written, therefore, the Illinois bribery and misconduct statutes permit the government to prove that Mr. McClain or any other lobbyist is guilty of criminal bribery under Illinois law if he violated the Illinois Gift Ban Act—that is, a lobbyist—who by definition is acting with intent to influence a public official—who gives a thing of value to an elected official does not only potentially violate of the Illinois Gift Ban Act, he commits criminal bribery under Illinois law. Put yet another way, the Illinois Gift Ban Act boils much of this case to the question of

whether the job recommendations were things of value, which would mean that they violated the Gift Ban Act, which would in turn mean that they were bribes, even if they weren't linked to an exchange or to a particular official act.

To address these jury confusion and Constitutionality concerns, Mr. McClain respectfully requests the following revisions to the jury instructions:

(1) Modify Instruction 41 so that the Illinois laws expressly reference the need for proof of a "this for that" exchange. In addition, and without waiving the objection to the omission of the "this for that" exchange language in the Illinois statutes, we propose modifying the instructions regarding the Illinois statutes in Instruction 41 so that instead of saying, "…intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee," the instructions instead state, "…intent to cause him to influence the performance of a specific Official Action, as defined in Instruction 47." The latter modification would make it clearer to the jury that generalized intent to influence an elected official through a gift of a thing of value is insufficient for a criminal bribery conviction, and instead there must be a link between the thing of value and a specific Official Action. This alternative modification would also be consistent with the government's pre-trial defense of the Constitutionality of these statutes. ECF No. 141 (The defense "claims that the state bribery statutes are overbroad because the 'any act' language in those statutes threatens to criminalize innocent conduct *like routine lobbying or small gifts given to elected officials*. This argument fails to account for the statute's scienter requirement," yet the government now says that the scienter required is knowledge that the defendant violated the Gift Ban Act.) (Emphasis added.)

(2) Further, Mr. McClain respectfully requests that the Court revise Instruction 29 (Definition of Lobbying) in two ways.

First, we request deletion of the following sentence: "Persons, who for compensation or otherwise, undertake to lobby, or any person or entity who employs or compensates another person for the purpose of lobbying, must register with the Secretary of State under the Lobbyist Registration Act." We respectfully submit that this inappropriately inserts the issue of Mr. McClain's post-2016 registration status into this case, and it poses a high risk that the jury are more likely to convict Mr. McClain of breaking the laws involved in this case if they find that Mr. McClain violated the non-criminal lobbyist registration law.

Second, if the Court decides to include instructions concerning the Illinois Gift Ban Act and/or Ethics Act, we respectfully request that the Court modify Instruction 41 to include the following language: "Illinois law permits lobbyists to make reportable expenditures, which are defined as payments, distributions, loans, advances, deposits, or gifts of money or anything of value for the purpose of influencing executive, legislative, administrative action." This language is from paragraph (b) of

15

the Lobbying Registration Act, and we submit that it's a correct statement of the law and critical to Mr. McClain's defense because it gives appropriate context to the instructions regarding the Gift Ban Act and the Ethics Act.

(3) Finally, on behalf of Mr. McClain, if the Court includes any instructions relating to the Gift Ban Act or the Ethics Act, we respectfully request that the Court also instruct the jury that both statutes apply only to elected officials, and Mr. McClain was not an elected official during the relevant time period.

8.    Later on January 21, 2025, the government submitted two additional objections to the Court regarding the fourth version of the Court's instructions:

The government wishes to preserve and stand on its prior objection to the separate set of elements instructions for defendant McClain as to Count Twenty-One (Instruction 64). We respectfully object to the elements listed and submit that the instruction for McClain should read, "In order for you to find McClain guilty of this charge, the government must prove that McClain aided and abetted Madigan, as defined in Court's Instruction 25."

There is a minor typo in Instruction 66 (conspiratorial liability): in element #4, at the end, it states "or that **the** Madigan actually realized . . . "  I believe that the "the" before Madigan should be deleted.

9.    The government respectfully requests that the objections and submissions set forth herein be preserved for the record.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

/s/ *Sarah Streicker*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH STREICKER
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

v.

MICHAEL MADIGAN and
MICHAEL McCLAIN

Case No. 22 CR 115

Judge John Robert Blakey

<u>**DRAFT JURY INSTRUCTIONS**</u>

<u>**GOVERNMENT'S PROPOSED REDLINE OF CERTAIN INSTRUCTIONS**</u>

1

COURT'S INSTRUCTION 31 – AGREED BY ALL PARTIES

**Count One – Elements**

Count One of the indictment charges the defendants with conspiracy to commit racketeering. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.   That the conspiracy as charged in Count One existed; and

2.   The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

In order for you to find a defendant guilty of this charge, the government must also prove each of the following elements beyond a reasonable doubt:

1.   That the defendant knowingly conspired to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity as described in Count One; and

2.   That the enterprise described in Count One was an enterprise; and

3.   That the activities of the enterprise would affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

2

COURT'S INSTRUCTION 32 – AGREED BY ALL PARTIES TO DELETE #32

**Racketeering Conspiracy Elements**

Count One charges a Racketeering conspiracy. In order for you to find a defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The conspiracy as charged in Count One existed;

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

3

COURT'S INSTRUCTION 43 – DEFENDANTS OBJECT

State Officials and Employees Ethics Act "Not Authorized By Law"

You should consider the following state laws only for the limited purpose of informing you whether certain conduct was "not authorized by law" for purposes of the Illinois bribery and official misconduct statutes.

During all times relevant to the charges, there was an Illinois law called the State Officials and Employees Ethics Act. You should consider the State Officials and Employees Ethics Act only for the limited purpose of informing you whether certain conduct was "authorized by law" for purposes of the Illinois official misconduct statute.

The State Officials and Employees Ethics Act provides that: "Except as otherwise provided in this Article, no officer, member, or State employee shall intentionally solicit or accept any gift from any prohibited source or in violation of any federal or State statute, rule, or regulation." 5 Ill. Comp. Stat. Ann. 430/10-10.

A gift is defined as "any gratuity, discount, entertainment, hospitality, loan, forbearance, or other tangible or intangible item having monetary value including, but not limited to, cash, food and drink, and honoraria for speaking engagements related to or attributable to government employment or the official position of an employee, member, or officer." 5 Ill. Comp. Stat. Ann. 430/1-5.

Under 5 Ill. Comp. Stat. Ann. 430/1-5, a prohibited source is defined as any person or entity who:

"(1)     is seeking official action (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

(2)     does business or seeks to do business (i) with the member or officer or (ii) in the case of an employee, with the employee or with the member, officer, State agency, or other employee directing the employee;

(3)     conducts activities regulated (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

(4)     has interests that may be substantially affected by the performance or non-performance of the official duties of the member, officer, or employee;

4

(5)    is registered or required to be registered with the Secretary of State under the Lobbyist Registration Act, except that an entity not otherwise a prohibited source does not become a prohibited source merely because a registered lobbyist is one of its members or serves on its board of directors; or

(6)    is an agent of, a spouse of, or an immediate family member who is living with a 'prohibited source.'"

Under 5 Ill. Comp. Stat. Ann. 430/10-15, the exceptions to the gift ban are:

"(1)    Opportunities, benefits, and services that are available on the same conditions as for the general public.

(2)    Anything for which the officer, member, or State employee pays the market value.

(3)    Any (i) contribution that is lawfully made under the Election Code or under this Act or (ii) activities associated with a fundraising event in support of a political organization or candidate.

(4)    Educational materials and missions. . .

(5)    Travel expenses for a meeting to discuss State business. . .

(6)    A gift from a relative . . .

(7)    Anything provided by an individual on the basis of a personal friendship unless the member, officer, or employee has reason to believe that, under the circumstances, the gift was provided because of the official position or employment of the member, officer, or employee and not because of the personal friendship.

    In determining whether a gift is provided on the basis of personal friendship, the member, officer, or employee shall consider the circumstances under which the gift was offered, such as:

    (i)    the history of the relationship between the individual giving the gift and the recipient of the gift, including any previous exchange of gifts between those individuals;

    (ii)    whether to the actual knowledge of the member, officer, or employee the individual who gave the gift personally paid for the gift or sought a tax deduction or business reimbursement for the gift; and

5

(iii)   whether to the actual knowledge of the member, officer, or employee the individual who gave the gift also at the same time gave the same or similar gifts to other members, officers, or employees.

(8)   Food or refreshments not exceeding $75 per person in value on a single calendar day; provided that the food or refreshments are (i) consumed on the premises from which they were purchased or prepared or (ii) catered. For the purposes of this Section, "catered" means food or refreshments that are purchased ready to eat and delivered by any means.

(9)   Food, refreshments, lodging, transportation, and other benefits resulting from the outside business or employment activities (or outside activities that are not connected to the duties of the officer, member, or employee as an office holder or employee) of the officer, member, or employee, or the spouse of the officer, member, or employee, if the benefits have not been offered or enhanced because of the official position or employment of the officer, member, or employee, and are customarily provided to others in similar circumstances.

(10)   Intra-governmental and inter-governmental gifts. For the purpose of this Act, "intra-governmental gift" means any gift given to a member, officer, or employee of a State agency from another member, officer, or employee of the same State agency; and "inter-governmental gift" means any gift given to a member, officer, or employee of a State agency, by a member, officer, or employee of another State agency, of a federal agency, or of any governmental entity.

(11)   Bequests, inheritances, and other transfers at death.

(12)   Any item or items from any one prohibited source during any calendar year having a cumulative total value of less than $100."

During all times relevant to the charges, there was an Illinois law called the Illinois Governmental Ethics Act.

The Illinois Governmental Ethics Act provides that:

6

Under Illinois law, no legislator may accept compensation, other than that provided by law for members of the General Assembly, for performance of his official legislative duties. No person, other than State officials or employees performing their duties in making payments to members of the General Assembly as provided by law, may pay or offer to pay any legislator any compensation for performance of his official legislative duties.

Under Illinois law, no legislator may accept any economic opportunity, under circumstances where he knows or should know that there is a substantial possibility that the opportunity is being afforded him with intent to influence his conduct in the performance of his official duties.

Under Illinois law, when a legislator must take official action on a legislative matter as to which he has a conflict situation created by a personal, family, or client legislative interest, he should consider the possibility of eliminating the interest creating the conflict situation. If that is not feasible, he should consider the possibility of abstaining from such official action.

7

COURT'S INSTRUCTION 46 – DEFENDANTS ARE CONSIDERING

**Extortion by Fear**

Extortion by fear means the wrongful use of fear by a person to obtain or attempt to obtain money or property. "Wrongful" means that the ~~defendant~~ person had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the ~~defendant~~person. ~~The~~ A government must ~~prove that the~~ victim's fear ~~was~~ for these purposes must be reasonable under the circumstances. A person does not need to intend ~~However, the government need not prove that the defendant actually intended~~ to cause the harm threatened.

8

COURT'S INSTRUCTION 47 – DEFENDANTS OBJECT TO IMPOSSIBILITY LANGUAGE

**Extortion under "Color of Official Right"**

Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for the taking, withholding, or influencing of official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took, caused, influenced, or intended to take, cause or influence the official action; that the official could have actually taken, caused or influenced the official action in return for which payment would be made; or that the official would not have taken the same action even without payment.

It is no defense to the charge of attempted extortion that it was factually impossible for the defendant to commit the crime so long as the crime could have been committed if the facts had been as the defendant believed them to be. In other words, a person is guilty of attempted extortion if he satisfies the elements I previously described to you and he intentionally engaged in conduct which would constitute a crime if the relevant factual circumstances were as he believed them to be.

9

COURT'S INSTRUCTION 57 –DEFENDANTS OBJECT EXCEPT WHERE NOTED

**Count Two – Additional Definitions**

> Commented [A1]: Note: once we have resolved these, changes will need to be made to subsequent instructions for consistency

For the purposes of Count Two, the government must prove the defendant you are considering acted "corruptly" at the time he committed the offense of either: (1) conspiracy to commit the offense of "corruptly soliciting a bribe"; or (2) "conspiracy to commit the offense of corruptly giving/offering a bribe." This means the government must prove that when the defendant conspired to solicit, demand, accept or agree to accept, a thing of value with the intent to be influenced or rewarded in connection with his official duties, or at the time the defendant conspired to give, offer, or agree to give, a thing of value with the intent to influence an agent of a State government or agency thereof in connection with some business, transaction, or series of transactions of the State government, the defendant understood the nature of the agreementconspiracy involved a "this for that" exchange of a thing of value for an "official action" (as defined in Court's Instruction 48).

> Commented [A2]: Defendants object to this definition of corruptly.

This exchange involves the unlawful influence of a bribe to be paid before the performance of an official action, or an unlawful reward of a bribe to be paid after the performance of an official action. But if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place. Where a bribe is paid after an official action occurs, the government must prove that a bribery solicitation, offer, or agreement occurred before the official action.

> Commented [A3]: Defendants agree to the addition of "to be" in first sentence. Defendants do not agree to second sentence.

A solicited or offered The term "thing of value" may corruptly involve a stream of benefits in a "this for that" exchange for one or more official actions. For the purposes of Count Two, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.

> Commented [A4]: Defendants object

A solicited or offered thing of value can be a benefit given to a public official or given to a third party. However, a solicited or offered thing of value does not include a promise from another legislator to vote for a public official's legislation or similar political horse-trading between two public officials.

> Commented [A5]: Defendants are considering. Madigan has also proposed language.

10

The government must prove all the elements of Count Two beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Two may occur even if an official action would have occurred in the absence of the bribery offense.

Further, for the purposes of the Third and Fourth offenses charged in Count Two, a person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that their actions violated any particular law.

For the purposes of the Third and Fourth offenses charged in Count Two, an "issuer" is any company whose securities were registered with the Securities and Exchange Commission pursuant to Section 12 of the Securities and Exchange Act of 1934, or any company that was required to file periodic reports with the Securities and Exchange Commission under Section 15(d) of the same act.

Each issuer is required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, and other records relating to transactions and dispositions entered into by the company, such as contracts, memoranda, invoices, as well as payment and account records.

In addition, each issuer is required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)   transactions were executed in accordance with management's general or specific authorization;

(2)   transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and

(3)   access to assets was permitted only in accordance with management's general or specific authorization.

In addition to these definitions set forth here, the previous instructions I provided you concerning the term Campaign Contributions (Court's Instruction 44) and Official Action (Court's Instruction 48) applies to your consideration of the charges in Counts Two.

11

**COURT'S INSTRUCTION 58 – DEFENDANTS POTENTIALLY OBJECT TO REMOVING INSTRUCTION 58**

~~Count Two - Bribery Agreement~~

~~To prove the conspiracy to accept a bribe as charged in Count Two, the government must prove that an agreement existed to take an official act in exchange for a thing of value before the official act is to take place.~~ Government's position: this is duplicative of language in instruction 57.

12

COURT'S INSTRUCTION 65 <u>– MCCLAIN IS CONSIDERING</u>

**Count Twenty-One —Elements**

Count Twenty-One of the indictment charges defendants Madigan and McClain with corruptly soliciting, demanding, and agreeing to accept a bribe.

In order for you to find Madigan guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant was an agent of a state government;

2.  The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person;

3.  The defendant did so corruptly;

4.  The defendant acted with the intent to be influenced in connection with some business, transaction or series of transactions of the government;

5.  This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.  The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

For purposes of this offense, the government must prove the defendant you are considering acted "corruptly at the time he committed the offense of "corruptly soliciting a bribe." This means the government must prove that when the defendant solicited, demanded, accepted, or agreed to accept, a thing of value with the intent to be influenced or rewarded in connection with his official duties, the defendant understood the nature of the agreement involved a "this for that" exchange of a thing of value for an "official action" (as defined in Court's Instruction 48).

This exchange involves the unlawful influence of a bribe paid before the performance of an official action, or an unlawful reward of a bribe paid after the performance of an official action. But if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place.

The term "thing of value" may corruptly involve a stream of benefits in a "this for that" exchange for one or more official actions. For the purposes of Count Twenty-One, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.

13

The government must prove all the elements of Count Twenty-One beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Twenty-One may occur even if an official action would have occurred in the absence of the bribery offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

In order for you to find McClain guilty of this charge, the government must prove ~~each of the following elements beyond a reasonable doubt:~~

~~1.    Madigan was an agent of a state government and defendant McClain aided Madigan~~that McClain aided and abetted Madigan as defined in Court's Instruction 26~~.~~ ;

~~2.    The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person;~~

~~3.    The defendant did so corruptly;~~

~~4.    The defendant acted with the intent to be influenced in connection with some business, transaction or series of transactions of the government;~~

~~5.    This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and~~

~~6.    The government, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.~~

~~For purposes of this offense, the government must prove the defendant you are considering acted "corruptly at the time he committed the offense of "corruptly soliciting a bribe."  This means the government must prove that when the defendant solicited, demanded, accepted, or agreed to accept, a thing of value with the intent to be influenced or rewarded in connection with his official duties, the defendant understood the nature of the agreement involved a "this for that" exchange of a thing of value for an "official action" (as defined in Court's Instruction 48).~~

~~This exchange involves the unlawful influence of a bribe paid before the performance of an official action, or an unlawful reward of a bribe paid after the performance of an official action.  But if the bribe is to be paid after an official action~~

14

occurs, then the government must prove that the bribery agreement existed before the official action was to take place.

The term "thing of value" may corruptly involve a stream of benefits in a "this for that" exchange for one or more official actions. For the purposes of Count Twenty-One, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.

The government must prove all the elements of Count Twenty-One beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Twenty-One may occur even if an official action would have occurred in the absence of the bribery offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

15

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

v.

MICHAEL MADIGAN and
MICHAEL McCLAIN

Case No. 22 CR 115

Judge John Robert Blakey

**DRAFT JURY INSTRUCTIONS**

**GOVERNMENT'S PROPOSED REDLINE OF CERTAIN INSTRUCTIONS**

COURT'S INSTRUCTION 31 **– AGREED BY ALL PARTIES**

**Count One – Elements**

Count One of the indictment charges the defendants with conspiracy to commit racketeering. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. Tthat the conspiracy as charged in Count One existed; and

2. Tthe defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

In order for you to find a defendant guilty of this charge, the government must also prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly conspired to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity as described in Count One; and

2. That the enterprise described in Count One was an enterprise; and

3. That the activities of the enterprise would affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

COURT'S INSTRUCTION 32 – AGREED BY ALL PARTIES TO DELETE #32

**Racketeering Conspiracy Elements**

Count One charges a Racketeering conspiracy. In order for you to find a defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1.　　The conspiracy as charged in Count One existed;

2.　　The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

COURT'S INSTRUCTION 43 – DEFENDANT'S PROPOSAL

State Officials and Employees Ethics ActAdditional Definitions

The term "not authorized by law" means that the defendant knew that there was a "this for that" exchange of "property or personal advantage" (as defined below) for an official action the public official agreed to take.

"Property or personal advantage" must be a private benefit.

A job recommendation by a public official to a private employer with business before the legislature, without more, is not a violation of the law.

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level. Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials. Lobbying does not violate federal or Illinois bribery laws if it is not intended to be part of a "this for that" exchange for official action by an elected official. Further, a person does not violate the federal or Illinois bribery laws by giving a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future, so long as the thing of value is not intended to be part of a "this for that" exchange for official action by an elected official.

You should consider the following state laws only for the limited purpose of informing you whether certain conduct was "not authorized by law" for purposes of the Illinois bribery and official misconduct statutes.

During all times relevant to the charges, there was an Illinois law called the State Officials and Employees Ethics Act. You should consider the State Officials and Employees Ethics Act only for the limited purpose of informing you whether certain conduct was "authorized by law" for purposes of the Illinois official misconduct statute.

The State Officials and Employees Ethics Act provides that: "Except as otherwise provided in this Article, no officer, member, or State employee shall intentionally solicit or accept any gift from any prohibited source or in violation of any federal or State statute, rule, or regulation." 5 Ill. Comp. Stat. Ann. 430/10-10.

A gift is defined as "any gratuity, discount, entertainment, hospitality, loan, forbearance, or other tangible or intangible item having monetary value including,

4

but not limited to, cash, food and drink, and honoraria for speaking engagements related to or attributable to government employment or the official position of an employee, member, or officer." 5 Ill. Comp. Stat. Ann. 430/1-5.

Under 5 Ill. Comp. Stat. Ann. 430/1-5, a prohibited source is defined as any person or entity who:

"(1)    is seeking official action (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

(2)    does business or seeks to do business (i) with the member or officer or (ii) in the case of an employee, with the employee or with the member, officer, State agency, or other employee directing the employee;

(3)    conducts activities regulated (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

(4)    has interests that may be substantially affected by the performance or non-performance of the official duties of the member, officer, or employee;

(5)    is registered or required to be registered with the Secretary of State under the Lobbyist Registration Act, except that an entity not otherwise a prohibited source does not become a prohibited source merely because a registered lobbyist is one of its members or serves on its board of directors; or

(6)    is an agent of, a spouse of, or an immediate family member who is living with a 'prohibited source.'"

Under 5 Ill. Comp. Stat. Ann. 430/10-15, the exceptions to the gift ban are:

"(1)    Opportunities, benefits, and services that are available on the same conditions as for the general public.

(2)    Anything for which the officer, member, or State employee pays the market value.

(3)    Any (i) contribution that is lawfully made under the Election Code or under this Act or (ii) activities associated with a fundraising event in support of a political organization or candidate.

(4)    Educational materials and missions. . .

(5)    Travel expenses for a meeting to discuss State business. . .

5

(6) ~~A gift from a relative . . .~~

(7) ~~Anything provided by an individual on the basis of a personal friendship unless the member, officer, or employee has reason to believe that, under the circumstances, the gift was provided because of the official position or employment of the member, officer, or employee and not because of the personal friendship.~~

~~In determining whether a gift is provided on the basis of personal friendship, the member, officer, or employee shall consider the circumstances under which the gift was offered, such as:~~

(i) ~~the history of the relationship between the individual giving the gift and the recipient of the gift, including any previous exchange of gifts between those individuals;~~

(ii) ~~whether to the actual knowledge of the member, officer, or employee the individual who gave the gift personally paid for the gift or sought a tax deduction or business reimbursement for the gift; and~~

(iii) ~~whether to the actual knowledge of the member, officer, or employee the individual who gave the gift also at the same time gave the same or similar gifts to other members, officers, or employees.~~

(8) ~~Food or refreshments not exceeding $75 per person in value on a single calendar day; provided that the food or refreshments are (i) consumed on the premises from which they were purchased or prepared or (ii) catered. For the purposes of this Section, "catered" means food or refreshments that are purchased ready to eat and delivered by any means.~~

(9) ~~Food, refreshments, lodging, transportation, and other benefits resulting from the outside business or employment activities (or outside activities that are not connected to the duties of the officer, member, or employee as an office holder or employee) of the officer, member, or employee, or the spouse of the officer, member, or employee, if the benefits have not been offered or enhanced because of the official position or employment of the officer, member, or employee, and are customarily provided to others in similar circumstances.~~

(10)     Intra governmental and inter governmental gifts.  For the purpose of this Act, "intra governmental gift" means any gift given to a member, officer, or employee of a State agency from another member, officer, or employee of the same State agency; and "inter governmental gift" means any gift given to a member, officer, or employee of a State agency, by a member, officer, or employee of another State agency, of a federal agency, or of any governmental entity.

(11)     Bequests, inheritances, and other transfers at death.

(12)     Any item or items from any one prohibited source during any calendar year having a cumulative total value of less than $100."

During all times relevant to the charges, there was an Illinois law called the Illinois Governmental Ethics Act.

The Illinois Governmental Ethics Act provides that:

Under Illinois law, no legislator may accept compensation, other than that provided by law for members of the General Assembly, for performance of his official legislative duties. No person, other than State officials or employees performing their duties in making payments to members of the General Assembly as provided by law, may pay or offer to pay any legislator any compensation for performance of his official legislative duties.

Under Illinois law, no legislator may accept any economic opportunity, under circumstances where he knows or should know that there is a substantial possibility that the opportunity is being afforded him with intent to influence his conduct in the performance of his official duties.

Under Illinois law, when a legislator must take official action on a legislative matter as to which he has a conflict situation created by a personal, family, or client legislative interest, he should consider the possibility of eliminating the interest creating the conflict situation. If that is not feasible, he should consider the possibility of abstaining from such official action.

COURT'S INSTRUCTION 46 – **DEFENDANTS PROPOSAL**

**Extortion by Fear**

Extortion by fear means the wrongful use of fear to obtain or attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been was reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

COURT'S INSTRUCTION 47 – DEFENSE PROPOSAL (no change to Court's Instruction)

**Extortion under "Color of Official Right"**

Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for the taking, withholding, or influencing of official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took, caused, influenced, or intended to take, cause or influence the official action; that the official could have actually taken, caused or influenced the official action in return for which payment would be made; or that the official would not have taken the same action even without payment.

9

COURT'S INSTRUCTION 57 – DEFENSE PROPOSAL

**Count Two – Additional Definitions**

For the purposes of Count Two, the defendant acts "corruptly" if he acted voluntarily and intentionally, knowing that his conduct was unlawful. That is, the defendant must have acted with the bad purpose of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means. The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating. ~~the government must prove the defendant you are considering acted "corruptly" at the time he committed the offense of either; (1) conspiracy to commit the offense of "corruptly soliciting a bribe"; or (2) "conspiracy to commit the offense of corruptly giving/offering a bribe." This means the government must prove that when the defendant conspired to solicit, demand, accept or agree to accept, a thing of value with the intent to be influenced or rewarded in connection with his official duties, or at the time the defendant conspired to give, offer, or agree to give, a thing of value with the intent to influence an agent of a State government or agency thereof in connection with some business, transaction, or series of transactions of the State government, the defendant understood the nature of the agreement involved a "this for that" exchange of a thing of value for an "official action" (as defined in Court's Instruction 48).~~

This exchange involves the unlawful influence of a bribe paid before the performance of an official action, or an unlawful reward of a bribe paid after the performance of an official action. But if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place. Vague expectations of some future benefit are not sufficient to make a payment a bribe.

~~The term "thing of value" may corruptly involve a stream of benefits in a "this for that" exchange for one or more official actions. For the purposes of Count Two, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.~~

A "thing of value" must be a private benefit.

Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value solicited, demanded, given, offered or agreed to be given by the defendant.

The Government must prove beyond a reasonable doubt that the defendant knew the jobs at issue were not bona fide wages paid in the usual course of business. If the government has not sustained its burden on this point, compensation paid to another person cannot be a thing of value and the defendant must be found not guilty.

The government must prove all the elements of Count Two beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Two may occur even if an official action would have occurred in the absence of the bribery offense.

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level. Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials. Lobbying does not violate federal or Illinois bribery laws if it is not intended to be part of a "this for that" exchange for official action by an elected official. Further, a person does not violate federal or Illinois bribery laws by giving a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future, so long as the thing of value is not intended to be part of a "this for that" exchange for official action by an elected official.

Further, for the purposes of the Third and Fourth offenses charged in Count Two, a person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that their actions violated any particular law.

For the purposes of the Third and Fourth offenses charged in Count Two, an "issuer" is any company whose securities were registered with the Securities and Exchange Commission pursuant to Section 12 of the Securities and Exchange Act of 1934, or any company that was required to file periodic reports with the Securities and Exchange Commission under Section 15(d) of the same act.

Each issuer is required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, and other records relating to

transactions and dispositions entered into by the company, such as contracts, memoranda, invoices, as well as payment and account records.

In addition, each issuer is required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)    transactions were executed in accordance with management's general or specific authorization;

(2)    transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and

(3)    access to assets was permitted only in accordance with management's general or specific authorization.

In addition to these definitions set forth here, the previous instructions I provided you concerning the term Campaign Contributions (Court's Instruction 44) and Official Action (Court's Instruction 48) applies to your consideration of the charges in Counts Two.

COURT'S INSTRUCTION 58 – DEFENSE OBJECTS TO STRIKING

**Count Two—Bribery Agreement**

To prove the conspiracy to accept a bribe as charged in Count Two, the government must prove that an agreement existed to take an official act in exchange for a thing of value before the official act is to take place.

COURT'S INSTRUCTION 65 – MCCLAIN OBJECTS TO STRIKING

**Count Twenty-One —Elements**

Count Twenty-One of the indictment charges defendants Madigan and McClain with corruptly soliciting, demanding, and agreeing to accept a bribe.

In order for you to find Madigan guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant was an agent of a state government;

2. The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person;

3. The defendant did so corruptly;

4. The defendant acted with the intent to be influenced in connection with some business, transaction or series of transactions of the government;

5. This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

For purposes of this offense, the government must prove the defendant you are considering acted "corruptly at the time he committed the offense of "corruptly soliciting a bribe." This means the government must prove that when the defendant solicited, demanded, accepted, or agreed to accept, a thing of value with the intent to be influenced or rewarded in connection with his official duties, the defendant understood the nature of the agreement involved a "this for that" exchange of a thing of value for an "official action" (as defined in Court's Instruction 48).

This exchange involves the unlawful influence of a bribe paid before the performance of an official action, or an unlawful reward of a bribe paid after the performance of an official action. But if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place.

The term "thing of value" may corruptly involve a stream of benefits in a "this for that" exchange for one or more official actions. For the purposes of Count Twenty-One, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.

The government must prove all the elements of Count Twenty-One beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official

action to take place, that is, a violation of Count Twenty-One may occur even if an official action would have occurred in the absence of the bribery offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

In order for you to find McClain guilty of this charge, the government must prove ~~each of the following elements beyond a reasonable doubt:~~

~~1.~~ ~~Madigan was an agent of a state government and defendant McClain aided Madigan~~ _that McClain aided and abetted Madigan_ as defined in Court's Instruction 26 ~~.~~ _;_

~~2.~~ ~~The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person;~~

~~3.~~ ~~The defendant did so corruptly;~~

~~4.~~ ~~The defendant acted with the intent to be influenced in connection with some business, transaction or series of transactions of the government;~~

~~5.~~ ~~This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and~~

~~6.~~ ~~The government, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.~~

~~For purposes of this offense, the government must prove the defendant you are considering acted "corruptly at the time he committed the offense of "corruptly soliciting a bribe." This means the government must prove that when the defendant solicited, demanded, accepted, or agreed to accept, a thing of value with the intent to be influenced or rewarded in connection with his official duties, the defendant understood the nature of the agreement involved a "this for that" exchange of a thing of value for an "official action" (as defined in Court's Instruction 48).~~

~~This exchange involves the unlawful influence of a bribe paid before the performance of an official action, or an unlawful reward of a bribe paid after the performance of an official action. But if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place.~~

15

The term "thing of value" may corruptly involve a stream of benefits in a "this for that" exchange for one or more official actions. For the purposes of Count Twenty-One, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.

The government must prove all the elements of Count Twenty-One beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Twenty-One may occur even if an official action would have occurred in the absence of the bribery offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.