UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL J. MADIGAN and
MICHAEL F. McCLAIN

No. 22 CR 115

Judge John R. Blakey

## GOVERNMENT'S RESPONSE TO
## DEFENDANTS' JOINT REQUEST FOR ADDITIONAL JURY INSTRUCTION

The Motion should be denied for a number of reasons, including the following.

**First**, defendants' request for a supplemental instruction is untimely and is waived. The Court previously set a deadline for jury instructions, and made it clear that failure to submit an instruction beyond the deadline would result in waiver. So far as the government can see, defendants did *not* propose any instruction at any time before today that applied some sort of specialized knowledge requirement to the wire fraud and Travel Act charges based on the § 666(c) safe harbor. And for good reason, because there is no authority to suggest that the § 666(c) safe harbor (and some further knowledge requirement based on it as now proposed by defendants) applies to other federal criminal laws, much less § 666 itself.[1] Moreover, the crafting of the instructions in this case was not the product of some off-the-cuff one-hour instruction conference; on the contrary, the submissions on the jury instructions were an exhaustive months-long affair. For these reasons, the defendants have waived any argument concerning this late-tendered

---

[1] The Court previously rejected this instruction when proposed as to the § 666 charges themselves (for example, in Madigan's January 21, 2025, submission and in prior defense submissions).

instruction as it seeks to apply a special knowledge requirement to the wire fraud and Travel Act charges. *See* Fed. R. Crim. P. 30(d); *United States v. Leal*, 72 F.4th 262, 266 (7th Cir. 2023) (finding waiver where instructions were product of in-depth discussion).

Nothing is changed by the fact that the jury asked a question about the instructions applicable to the wire fraud and Travel Act counts. The Court heard argument concerning the correct response to the juror note in question at noon on Friday, ruled on an appropriate response, and gave that additional instruction to the jury shortly thereafter. In response to the note, defendants opposed any further instruction to the jury at all, or suggested providing some other alternative to the instruction the Court proposed. But even then, they did not propose giving the instruction they have now provided to the Court—which could have been suggested in advance of closing arguments on the deadline set by the Court in any event. The defendants' effort to now supplement that instruction with entirely different language is untimely and results in waiver. *Id.*[2]

**Second**, the defendants argue that the instruction the Court provided will somehow impact the jury's decision as to the § 666(c) affirmative defense. Motion at 2. Not so. ***The jury's recent question did not concern any charge that relates to § 666*** (or even a conspiracy to violate § 666); it concerned the instructions on pages 88 and 96, which deal with the substantive charges relating to wire fraud and the Travel Act, and the response was directed to those instructions. Indeed, counsel for the defendant recognized that the question pertained in part to State law bribery statutes. Tr. 11066. Further, the

---

[2] Moreover, including additional elements to these offenses after closing argument, when the government has had no opportunity to address the new elements it must prove would be unfair and should be rejected.

jury has already been properly instructed on the *mens rea* requirements for the § 666 charges, so no further instruction is necessary. Specifically, Court's Instruction 63 lays out in exhaustive detail the *mens rea* required for the § 666-related offenses, and includes the exclusion of bona fide salary paid in the ordinary course of business from the definition of a thing of value.

**Third**, because the wire fraud and Travel Act charges do not contain an affirmative defense as provided by § 666, it would be improper to provide the jury with additional "elements" or knowledge requirements to these offenses that do not exist.[3] Section 666(c) is not some sort of cookie-cutter provision that is to be intermixed with other federal criminal statutes on an *ad hoc* basis.

The inclusion of defendants' knowledge instruction derived from the § 666(c) safe harbor is particularly problematic with respect to the wire fraud charges as they include both traditional money/property as well as honest services fraud theories. As to the former, it should be obvious that a traditional money/property scheme does not require the government to prove any elements that concern bribery in any way, shape or form— so including a bribery safe harbor and applying it in blanket fashion to the wire fraud charges in this context is particularly inappropriate. As to the honest services fraud theory, there is no authority to suggest that the government must prove the defendant *knew* the salary was not bona fide, as the proposed supplemental instruction suggests. Say, for example, a judge approached a defense attorney and offered to fix a criminal case

---

[3] Again, attempting to import new, untimely elements into these offenses at this late date would be unfair to the government. Fed. R. Crim. P. 30(d).

3

in return for the judge's clerk receiving a full-time job in the defense attorney's firm. If the defense attorney agreed, and provided the clerk with a full-time job, it would still be a bribe, even if the clerk actually worked in return for their position. The government would not have to prove the judge believed it was a no-show, no-work job. Yet, that is what the defendants' flawed supplemental instruction suggests, namely, that the defendant *knew* that the payments were both (i) not bona fide and (ii) were not paid in the ordinary course of business. In fact, the instruction the defendants now propose would be incorrect even if only applied to the § 666 charges.

Similarly, defendants cite no State case imposing a specialized knowledge requirement for purposes of the State predicates charged in connection with the Travel Act.[4] The Illinois Pattern Instructions contain no such requirement, and the defendants did not propose such instructions on the deadlines set by the Court. Finally, the Travel Act charges do not require completion of a bribery offense, see Court's Instruction 69 ("The government is not required to prove that the unlawful activity was actually committed"), so an instruction requiring the government to prove a defendant's knowledge that a tendered bribe was not for a bona fide job in the ordinary course of business is totally improper. The requested supplemental instruction should be rejected.

---

[4] The defendants have failed to develop this argument and it is therefore waived. *United States v. Dunkel*, 927 F.2d 955, 956(7th Cir. 1991). Indeed, based on the limited review the government was able to perform, the State cases are to the contrary. For example, in *People v. Clark*, 389 N.E.2d 911, 932 (Ill. App. 1979), the bribe took the form of a loan. Defendant argued that since it was a legitimate loan that had to be repaid, it could not constitute a thing of value. The Court rejected that claim, noting that the fact Clark was obligated to repay the loan did not mean it was not unlawfully tendered as a personal advantage. *Id.* Nor did the State have to prove that a loan was intrinsically unlawful. *Id.* at 933.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

/s/ *Amarjeet S. Bhachu*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH E. STREICKER
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300