UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL J. MADIGAN<br>and MICHAEL F. MCCLAIN | No. 22 CR 115<br><br>Hon. John Robert Blakey |

**ORDER CONCERNING UNSEALING
OF CERTAIN PORTIONS OF TRIAL TRANSCRIPTS**

This matter comes before the Court for the entry of an order regarding the unsealing of certain portions of the *voir dire* transcripts in the above-captioned case. As directed in the Court's prior order regarding the unsealing of certain portions of the trial transcripts, the parties have met and conferred about sealing portions of the final *voir dire* transcripts. [320], [321]. The Court being fully informed hereby ORDERS the final *voir dire* transcripts to be unsealed subject to certain limited exceptions as explained below.

1. Both "the public and the press have a constitutional right of access to attend criminal trials," and that right of access "includes a right of access to the voir dire examination of potential jurors in a criminal trial." *U.S. v. Peters*, 754 F.2d 753, 759 (7th Cir. 1985) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984)). This "presumption of openness" in criminal proceedings "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co.*, 464 U.S. at 510.

1

2. The "jury selection process may, in some circumstances, give rise to a compelling interest of a prospective juror when interrogation touches on deeply personal matters that person has legitimate reasons for keeping out of the public domain." *Id.* at 512. Those "privacy interests of such a prospective juror must be balanced against the historic values" of, "and the need for, openness of the process." *Id.* Such balancing may be accomplished by ordering a "limited closure" and "later making a transcript of the closed proceedings available within a reasonable time, if the judge determines that disclosure can be accomplished while safeguarding the juror's valid privacy interests." *Id.* But "even then, a valid privacy right may rise to a level that part of the transcript should be sealed, or the name of a juror withheld, to protect the person from embarrassment." *Id.*

3. In this case, the Court conducted open *voir dire* proceedings from October 8, 2024, through October 21, 2024. During individual questioning of certain prospective jurors, however, the Court conducted some portions of the examination at sidebar when particular questions, "appropriate to prospective jurors," gave "rise to legitimate privacy interests of those persons." *Press Enterprise Co.*, 464 U.S. at 512. When a prospective juror's answers implicated such a "legitimate privacy interest," the Court ordered those portions of the transcripts sealed, pending further order.

4. The Court now addresses those sealed portions of the *voir dire* transcripts. The Court finds that the appropriate balance between the need for openness of these proceedings and the legitimate privacy interests of certain prospective jurors necessitates that limited portions of the *voir dire* transcripts

remain sealed. Some questions produced answers disclosing personal identifying information or other personal details which rise to a sufficient level that "part of the transcript" should be sealed "to protect the person from embarrassment." *Press Enterprise Co.*, 464 U.S. at 512. Accordingly, the Court finds that the following specific portions of the transcript, narrowly tailored to only those lines which implicate the legitimate privacy interests the Court has already described, must remain sealed to appropriately protect those interests.

5. By agreement of the parties, the following portions of the *voir dire* transcripts shall remain under seal in order to protect personal identifying and other sensitive information about prospective jurors:

    a. October 9, 2024
        i. Page 10, lines 19 to 25.
        ii. Page 11, line 25.
        iii. Page 12, lines 1 to 5.
    b. October 11, 2024
        i. Page 13, lines 1 to 5.
        ii. Page 15, lines 11 to 25.
        iii. Page 16, lines 1 to 25.
        iv. Page 17, lines 1 to 11.
    c. October 16, 2024
        i. Page 23, lines 18 and 20.
    d. October 17, 2024
        i. Page 4, line 13 and lines 14 to 17.
    e. October 21, 2024
        i. Page 4, lines 19 to 24.

6. Based on a joint defense motion and over the Government's objection, the following portions of the *voir dire* transcripts shall remain under seal in order to protect additional sensitive and potentially embarrassing information in which prospective jurors maintain a legitimate privacy interest:

    a. October 11, 2024

        i.       Page 8, line 16.
        ii.      Page 8, line 20.
        iii.     Page 8 lines 22 and 23.
        iv.     Page 9, line 3.
        v.      Page 9, lines 24 and 25.
        vi.     Page 10, lines 8 and 9.
        vii.    Page 13, lines 6 and 7.
        viii.   Page 13, lines 10 and 11.
        ix.     Page 14, lines 15 and 16.

    b.    October 16, 2024
        i.       Page 11, line 4.
        ii.      Page 11, lines 6 to 11.
        iii.     Page 12, lines 2 to 11.
        iv.     Page 19, lines 1 to 8 and 10 to 25.
        v.      Page 20, line 3.
        vi.     Page 20, line 16.
        vii.    Page 20, line 23.
        viii.   Page 21, lines 4 to 5 and 7 to 12.
        ix.     Page 23, lines 21 and 22.
        x.      Page 24, line 14 and 15.

    c.    October 17, 2024
        i.       Page 3, lines 10 to 25.
        ii.      Page 4, lines 2 and 3.
        iii.     Page 4, line 5.
        iv.     Page 4, lines 7 to 10.

    d.    October 21, 2024
        i.       Page 4, lines 14 and 15.

7. Except as set forth above, the remainder of the *voir dire* transcripts shall be unsealed.

Date: February 24, 2025                             Entered:

                                                             _____
                                                              John Robert Blakey
                                                               United States District Judge